BEGALA et al., Appellees,

v.

PNC BANK, OHIO, NATIONAL ASSOCIATION, Appellant.

[Cite as *Begala v. PNC Bank, Ohio, N.A.* (2001), 142 Ohio App.3d 556.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–000514.

Decided April 27, 2001.

*Waite, Schneider, Bayless & Chesley Co., L.P.A., Stanley M. Chesley, Fay E. Stilz* and *Paul DeMarco,* for appellees.

*Vorys, Sater, Seymour & Pease LLP, Glenn V. Whitaker* and *Phillip J. Smith,* for appellant.

GORMAN, Presiding Judge.

The defendant-appellant, PNC Bank, Ohio, N.A., appeals from the trial court's order certifying a class action. The certified class consists of the named plaintiffs, John A. Begala, Steven W. Borchers, and Cynthia Borchers, and all persons who obtained at least one loan from PNC or a predecessor, Central Trust, and participated in the bank's offer of a "payment holiday"—the postponement of one monthly payment on a consumer loan for an extension fee of $60. The class alleges that PNC fraudulently misrepresented the true cost of such a "payment holiday" by neglecting to disclose that the extension fee was in addition to the compound interest payable over the life of the loan.

Originally, the trial court granted PNC's motion to strike all the class-action allegations of the complaint under Civ.R. 23(D)(4). In so doing, the trial court accepted the bank's position that the plaintiffs' responses to the form letters sent to them with the offer of a "payment holiday" would raise individual issues of justifiable reliance, which would predominate over those issues common to the class. This court reversed that decision in *Begala v. PNC Bank, Ohio, N.A.* (Dec. 3, 1999), Hamilton App. No. C–990033, unreported, 1999 WL 1264187. Upon review of the relevant case law from the Ohio Supreme Court, we determined that whatever individual issues of reliance might arise were not sufficient to deny class status on the pleadings.

In its sole assignment of error, PNC now argues that, on remand, the trial court erroneously interpreted our earlier decision as a mandate to certify the class without requiring the plaintiffs to present any evidence demonstrating that the requirements for class certification had been met. Further, PNC argues that the court improperly denied it the opportunity to develop and present evidence to counter the propriety of certifying a class. Finding no merit in either argument, we affirm.

I

█ PNC argues initially that the trial court failed to require the plaintiffs on remand to prove each of the requisites for a class action. The trial court's failure to put the plaintiffs to their proof, PNC argues, was based upon two erroneous conclusions: (1) that this court's decision in the first appeal mandated certification of the class, and (2) that PNC had waived all objections to class certification not raised in the first appeal. Because of these erroneous conclusions, PNC argues, class certification was granted perfunctorily without the opportunity for PNC to pursue class-related discovery.

While language in the trial court's order indicates that it believed our decision in *Begala I* required class certification, the court also stated that conditional class certification was "independently appropriate" based upon this court's decision, the decisions of the Supreme Court of Ohio, and the allegations of the complaint. The court then stated its findings with respect to each of the six requirements other than predominance—the requirement we addressed in *Begala I*. We interpret this to mean that the trial court did not abandon its duty to consider the plaintiffs' motion on its merits, and that the court independently found that the requirements for class certification were present.

Further, we reject PNC's argument that the trial court did not require the plaintiffs on remand to demonstrate all the requirements of class certification but merely rubber-stamped their motion for class certification. The plaintiffs in their motion for certification set forth grounds to support findings on all seven

requirements. In a supplemental memorandum in opposition, PNC argued that two of the seven requirements had not been met: typicality and adequacy of representation. PNC submitted evidence to support its position. The plaintiffs responded with a supplemental memorandum in which they presented evidence to counter PNC's claims. The trial court then conducted a hearing on the matter, after which the court issued its entry certifying the class. In the preamble to its entry, the court stated expressly that its decision was based upon "the parties' filings and the oral argument ."

■ Given this procedural history, as well as the language of the entry, we hold that the trial court considered the issue of class certification on the merits and did not certify the class perfunctorily, as claimed by PNC. Further, we reject PNC's argument that the trial court improperly denied it class-related discovery. The record does not show that PNC sought such discovery ahead of the class-certification hearing. To quote the plaintiffs, "[PNC] did not notice a single deposition, propound a single interrogatory, or * * * make a single document request" prior to the trial court's ruling. Further, the court specifically stated that its determination was conditional and that PNC was not precluded from again raising its arguments following discovery. As the plaintiffs properly point out, PNC's position on this matter is ironic considering that it rejected as premature the plaintiffs' requests for class-related discovery prior to the trial court's decision to certify the class.

## II

Relying upon *Hamilton v. Ohio Savings Bank* (1998), 82 Ohio St.3d 67, 694 N.E.2d 442, PNC next argues that the trial court erred by not making findings of fact with supporting reasons for each of the seven class-action requirements. The findings that the court did make, PNC contends, were conclusory and therefore inadequate under *Hamilton.* In *Hamilton,* however, the trial court not only failed to articulate its rationale for denying certification, but also failed to note which of the seven class-action requirements it found lacking. Observing the difficulty of applying an abuse-of-discretion standard to such a bare-bones ruling, the Ohio Supreme Court suggested, but did not require, that trial courts make separate written findings as to each of the seven class action requirements, and specify their reasons for each. *Id.* at 71, 694 N.E.2d at 448.

■ The trial court's entry in the present case is distinguishable from that in *Hamilton,* as the court's entry here does not omit any of the findings necessary for appellate review. Simply because the trial court's findings are conclusory does not constitute error. Further, nothing in the language of *Hamilton* required the trial court to make factual findings as to each of the seven requirements.

## III

Finally, it should be noted that PNC's assignment of error and the issues PNC has presented in this appeal are entirely procedural. PNC does not argue the merits of class certification under its single assignment of error. Rather, PNC argues that the trial court abused its discretion because its decision was predicated upon errors of law—*i.e.*, a faulty construction of our earlier decision and a misapplication of the law-of-the-case doctrine. We hold, however, that the trial court's interpretation of our earlier decision did not preclude it from considering class certification on the merits, and, further, that the court did not commit the procedural errors alleged by PNC. Accordingly, we overrule the assignment of error and thus affirm the trial court's judgment granting class certification.

*Judgment affirmed.*

SUNDERMANN and WINKLER, JJ., concur.