[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] The notice of appeal lists a Mr. O. Hugh Lange as one of the plaintiffs-appellees, instead of Ronald Kallum. However, a review of the record reveals that Mr. Kallum is listed as one of the two named plaintiffs on the second amended complaint for class certification and that the trial court treated him as such in its January 17, 2002, entry granting the motion to certify the class.
 JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellants Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company, Nationwide Life Insurance Company, Nationwide General Insurance Company, Nationwide Property and Casualty Insurance Company, Nationwide Variable Life Insurance Company, and Colonial Insurance Company of California appeal from the trial court's entry granting the motion of plaintiffs-appellees, Dominic Costanzo and Ronald Kallum, to certify their case as a class action pursuant to Civ.R. 23. The trial court defined the class as "all independent contractor exclusive agents doing business in Ohio who have executed either a standard form 1987 `Agent's Agreement' or `Corporate Agency Agreement' with Nationwide." Defendants-appellants raise two assignments of error for our review.
{¶ 3} In their first assignment of error, defendants-appellants argue that the trial court abused its discretion by failing to conduct a rigorous inquiry into the prerequisites of Civ.R. 23 before granting the plaintiffs-appellees' motion for class certification, as required byHamilton v. Ohio Savings Bank.[2] We disagree.
{¶ 4} In Baughman v. State Farm Mutual Automobile Insurance,[3]
the Ohio Supreme Court rejected a defendant's argument that the "rigorous analysis" language in Hamilton somehow imposed a greater burden of review by elevating the established abuse-of-discretion standard to a more heightened level of scrutiny. Similarly, this court in Begala v. PNCBank[4] rejected a defendant's argument that a trial court's findings as to each of the seven requirements for class certification "were conclusory and therefore inadequate under Hamilton." In Begala, we recognized that the supreme court's decision in Hamilton merely suggests, but does not require a trial court to "make separate written findings as to each of the seven class action requirements, and specify their reasons therefore."[5] Thus, we concluded that "nothing in the language of Hamilton require[s] the trial court to make factual findings as to each of the seven requirements."[6]
{¶ 5} In this case, the trial court did make findings as to each of the seven class-action requirements. The trial court also provided reasons for those findings. Although, the trial court did not specifically address the arguments made by defendants-appellants or discuss the record in great depth, we cannot say that the trial court's failure to do so constituted an abuse of discretion. Consequently, we overrule the first assignment of error.
{¶ 6} In their second assignment of error, defendants-appellants argue that the trial court erred in granting class certification because the plaintiffs-appellees' claims did not meet the essential prerequisites of Civ.R. 23. Defendants-appellants basically attack the trial court's certification on three separate grounds. Defendants-appellants first argue that class certification was inappropriate because no common questions of law or fact existed, as required by Civ.R. 23(A)(2). We disagree.
{¶ 7} Having reviewed the record and the applicable case law, we cannot conclude that the trial court abused its discretion in determining that commonality existed under Civ.R. 23, where each class member had signed a common-form agency agreement and computer agreement with the defendants-appellants, and each class member had sought to have his rights to any policyholder information determined under those form agreements. Both the Ohio Supreme Court and this court have recognized that disputes arising under common-form agreements such as these satisfy the requirement of commonality.[7] Furthermore, even though "there may be differing factual and legal issues, such differences do not enter the analysis until the Court begins to consider the Civ.R.23(B)(3) requirements of predominance and superiority."[8]
{¶ 8} Defendants-appellants next argue that the trial court abused its discretion when it determined that Costanzo and Kallum were both typical and adequate representatives of the class. We disagree.
{¶ 9} The record reveals that Costanzo and Kallam are presently independently contracted Nationwide agents in Ohio, and that they have signed the same form agent's agreement and computer agreement that other class members have signed. Thus, their claims are not merely typical, but identical to those of the other class members. Because the test for typicality is not demanding and does not require an exact identity of claims,[9] we cannot say the trial court's finding as to these requirements was an abuse of its discretion. Nor can we say that the trial court abused its discretion in finding Costanzo and Kallum to be adequate representatives of the class
{¶ 10} Last, defendants-appellants contend that the plaintiffs-appellees do not satisfy the requirements of any section of Civ.R. 23(B). We disagree.
{¶ 11} Here, the trial court certified the class under both Civ.R. 23(B)(1)(a) and Civ.R. 23(B)(2). The trial court found that class certification was appropriate under Civ.R. 23(B)(1)(a) because separate actions over the ownership of the policyholder information "would create a risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for the party opposing the class."[10] The trial court additionally certified the class under Civ.R. 23(B)(2) because it found that the defendants-appellees had asserted exclusive dominion and control over the policyholder information, and that plaintiffs-appellees sought only a declaration of their rights to such information. Because the requirements under Civ.R. 23(B)(1)(a) and Civ.R. 23(B)(2) have been met, we cannot conclude that the trial court abused its discretion in certifiying the class action. For the foregoing reasons, we overrule the second assignment of error and affirm the judgment of the trial court.
{¶ 12} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.
[2] 82 Ohio St.3d 67, 1998-Ohio-365, 694 N.E.2d 442.
[3] 88 Ohio St.3d 480, 483, 2000-Ohio-397, 727 N.E.2d 1265.
[4] 142 Ohio App.3d 556, 756 N.E.2d 215.
[5] Id. at 559, citing Hamilton, supra, 82 Ohio St.3d at 70.
[6] Id. at 560.
[7] See Hamilton, supra, 82 Ohio St.3d at 77; Begala v. PNC Bank (Dec. 30, 1999), 1st Dist. No. C-990033.
[8] Marks v. C.P. Chemical Co. (1987), 31 Ohio St.3d 200, 202,509 N.E.2d 1249.
[9] Baughman, supra, 88 Ohio St.3d at 484, citing to 1 Newberg on Class Action (3 Ed. 1992), 3-74 to 3-77.
[10] Warner v. Waste Management, Inc. (1988), 36 Ohio St.3d 91,95, 521 N.E.2d 1091.