ROBINSON et al., Appellees,

v.

JOHNSTON COCA–COLA BOTTLING GROUP, INC., Appellant.

[Cite as *Robinson v. Johnston Coca–Cola Bottling Group, Inc.*, 153 Ohio App.3d 764, 2003-Ohio-4417.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–030070.

Decided Aug. 22, 2003.

Freking & Betz, Randolph H. Freking, George M. Reul Jr., Mark W. Napier and Leslie E. Ghiz; Waite, Schneider, Bayless & Chesley Co., L.P.A., Stanley M. Chesley, Paul M. DeMarco and Terrence L. Goodman, for appellees.

Vorys, Sater, Seymour & Pease L.L.P., Glenn V. Whitaker, Nathaniel Lampley Jr., Daniel J. Buckley, Victor A. Walton Jr. and Mary C. Henkel; Miller & Martin L.L.P., Shelby R. Grubbs, William G. Trumpeter and T. Harold Pinkley, for appellant.

---

WINKLER, Judge.

{¶ 1} The defendant-appellant, Coca–Cola Enterprises, Inc.[1] ("CCE"), appeals from the trial court's order granting class certification to the plaintiffs in their action for discrimination, harassment, and breach of Ohio's public policy against employment discrimination based upon race or national origin. CCE argues that (1) the trial court erred by certifying a class, and (2) the certification order was the "product of proceedings conducted after the trial judge's recusal, in which the trial judge erred by hearing argument on, and then reversing, his own recusal."

{¶ 2} A trial court may not certify a class action pursuant to Civ.R. 23 unless seven prerequisites have been met: (1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impractical; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be satisfied.[2] Failure to satisfy any one of the requirements will result in the denial of class certification.[3]

{¶ 3} In the trial court's written decision in this case, the court acknowledged that, in order to certify a class action, the requirements of Civ.R. 23 had to be satisfied. The court merely recited each of the rule's requirements and

---

1. The complaint's designation of the defendant-appellant as "Johnston Bottling Group, Inc." is incorrect.

2. Civ.R. 23; *In re Consol. Mtge. Satisfaction Cases*, 97 Ohio St.3d 465, 2002-Ohio-6720, 780 N.E.2d 556, ¶6, citing *Warner v. Waste Mgt., Inc.* (1988), 36 Ohio St.3d 91, 96–98, 521 N.E.2d 1091.

3. *Hinkston v. Sunstar Acceptance Corp.* (Dec. 29, 2000), 1st Dist. Nos. C–990681 and C–990701, 2000 WL 1886388, citing *Schmidt v. Avco Corp.* (1984), 15 Ohio St.3d 310, 313, 15 OBR 439, 473 N.E.2d 822.

stated, "The plaintiffs, identifying themselves as African Americans, have met each of the above requirements as well as all of Civ.R. 23(B) and therefore the litigation is certified as a class action suit." On appeal, CCE argues that the trial court's failure to articulate its analysis of the Civ.R. 23 requirements constituted an abuse of discretion.

{¶ 4} A trial court has broad discretion in determining whether a class action may be maintained, and its determination may not be disturbed on appeal absent an abuse of discretion.[4] But the court's discretion is not unlimited. In *Hamilton v. Ohio Savings Bank*,[5] the Ohio Supreme Court stated that a trial court must "carefully apply the class action requirements and conduct a rigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied."[6]

{¶ 5} "While there is no explicit requirement in Civ.R. 23 that the trial court make formal findings to support its decision on a motion for class certification, there are compelling policy reasons for doing so. Aside from the obvious practical importance, articulation of the reasons for the decision tends to provide a firm basis upon which an appellate court can determine that the trial court exercised its discretion within the framework of Civ.R. 23, and discourages reversal on the ground that the appellate judges might have decided differently had they been the original decisionmakers. On the other hand, the failure to provide an articulated rationale greatly hampers an appellate inquiry into whether the relevant Civ.R. 23 factors were properly applied by the trial court and given appropriate weight, and such an unarticulated decision is less likely to convince the reviewing court that the ruling was consistent with the sound exercise of discretion."[7] (Citations omitted.)

{¶ 6} In *Hamilton*, supra, the trial court failed to articulate its rationale for denying certification. The Supreme Court stated, "It is exceedingly difficult to apply an abuse-of-discretion standard to Civ.R. 23 determinations where, as here, the trial court fails not only to articulate its rationale, but also fails to disclose which of the seven class action prerequisites it found to be lacking with respect to the various alleged claims for relief. Accordingly, we suggest that in determining the propriety of class certification under Civ.R. 23, trial courts make separate

---

4. See *Marks v. C.P. Chem. Co., Inc.* (1987), 31 Ohio St.3d 200, 31 OBR 398, 509 N.E.2d 1249, syllabus.

5. (1998), 82 Ohio St.3d 67, 694 N.E.2d 442.

6. Id. at 70, 694 N.E.2d 442.

7. Id. at 70–71, 694 N.E.2d 442.

written findings as to each of the seven class action requirements, and specify their reasoning as to each finding."[8]

{¶ 7} This court has held that a trial court's findings with respect to the Civ.R. 23 class-action requirements, while conclusory, were sufficient for appellate review because *Hamilton* did not mandate accompanying findings of fact.[9] In this case, however, the trial court made no findings—it simply recited the rule's requirements and indicated that the plaintiffs had satisfied them. On this record, we are unable to discern whether the court conducted any analysis of the rule's requirements before certifying the class.

{¶ 8} Moreover, the trial court failed to distinguish between the three subsections of Civ.R. 23(B), but simply found that "all of Civ.R. 23(B)" had been satisfied. A rigorous analysis of subsection (B)(3) would have required a "far more demanding [inquiry] than the Civ.R. 23(A) commonality requirement and [would have focused] on the legal or factual questions that qualify each class member's case as a genuine controversy."[10] "[It] is not simply a matter of numbering the questions in the case, labeling them as common or diverse, and then counting them * * *. It involves a sophisticated and necessarily judgmental appraisal of the future course of litigation."[11]

{¶ 9} In *Baughman v. State Farm Mut. Auto. Ins. Co.*,[12] the court of appeals reversed the trial court's order granting class certification. On appeal, the Ohio Supreme Court reversed and held that the trial court had not abused its discretion in certifying the class. The court rejected the suggestion that a "rigorous analysis" test had come to replace the abuse-of-discretion standard in class-certification cases. The court further noted that, even if the court of appeals had applied the wrong standard of review, "the trial court's written decision provide[d] an articulated rationale sufficient to support an appellate inquiry into whether the relevant Civ.R. 23 factors were properly applied and given appropriate weight."

{¶ 10} In *Isaak v. Trumbull Sav. & Loan Co.*,[13] the Eleventh Appellate District reversed the trial court's decision granting class certification because the appel-

---

8. Id.

9. *Begala v. PNC Bank, Ohio, Natl. Assn.* (2001), 142 Ohio App.3d 556, 756 N.E.2d 215.

10. *Hoang v. E*Trade Group, Inc.*, 151 Ohio App.3d 363, 2003-Ohio-301, 784 N.E.2d 151, ¶16.

11. *Barber v. Meister Protection Serv.*, 8th Dist. No. 81553, 2003-Ohio-1520, 2003 WL 1564320.

12. (2000), 88 Ohio St.3d 480, 727 N.E.2d 1265.

13. (Aug. 4, 2000), 11th Dist. No. 99–T–0077, 2000 WL 1114830.

late court was unable to determine from the record and the judgment entry whether the trial court had "carefully and correctly applied the class action requirements and conducted a rigorous analysis to determine whether the prerequisites of Civ.R. 23 were satisfied."[14]

{¶ 11} In this case, unlike in *Baughman*, supra, the trial court's decision provided no articulated rationale that would enable a meaningful appellate inquiry. This case is more similar to *Isaak*, supra, in that there is no indication in the record that the trial court applied the requirements of Civ.R. 23 when it granted class certification. This is not "one of those rare cases" in which separate findings on the part of the trial court are unnecessary for this court's review.[15]

{¶ 12} This case may or may not qualify as a class action. Based on the record furnished to us, we are unable to discern whether the trial court conducted a thorough analysis into whether the prerequisites of Civ.R. 23 had been satisfied before certifying the class. Because we cannot say that the court's decision was "consistent with the sound exercise of discretion,"[16] we hold that the trial court erred by granting class certification.

{¶ 13} Therefore, we sustain the first assignment of error and reverse the decision of the trial court granting class certification. Our holding renders moot CCE's second assignment of error. We remand this case to the trial court so that it may conduct a rigorous analysis of the requirements of Civ.R. 23 in its consideration of plaintiffs' motion for class certification.

Judgment reversed<br>and cause remanded.

SUNDERMANN, P.J., concurs.

GORMAN, J., dissents.

GORMAN, Judge, dissenting.

{¶ 14} By reversing the trial court's order granting certification of the class action, the majority abandons this court's duty under Section 3, Article IV of the Ohio Constitution to review final orders.

{¶ 15} An order that grants class certification is a final order. R.C. 2505.02(B)(5). As a final order, it is immediately appealable and vests jurisdic-

---

14. Id.

15. See *Bardes v. Todd* (2000), 139 Ohio App.3d 938, 943, 746 N.E.2d 229.

16. *Hamilton*, supra, 82 Ohio St.3d at 71, 694 N.E.2d 442.

tion in this court. R.C. 2505.03(A). Civ.R. 23 does not require the trial court to make findings to support its decision on class certification in order to make the decision appealable. See *Hamilton v. Ohio Sav. Bank,* supra, 82 Ohio St.3d at 70, 694 N.E.2d 442.

{¶ 16} As the majority observes, the decision of the Ohio Supreme Court in *Hamilton* requires the trial judge to conduct "a rigorous analysis" of the seven class-action factors within the framework of Civ.R. 23. But this admonition in *Hamilton* is procedural and does not purport to state a requirement for appellate jurisdiction that the trial court make findings with respect to each factor. If it was jurisdictional for the purposes of appellate review, the Supreme Court would not have phrased the admonition as follows: "[W]e *suggest* that in determining the propriety of class certification under Civ.R. 23, trial courts make separate findings as to each of the seven class action requirements, and specify their reasoning as to each finding." (Emphasis added.) Id., 82 Ohio St.3d at 71, 694 N.E.2d 442. As the majority acknowledges, we have previously held that conclusory findings can be sufficient for appellate review in the context of a class action. See *Begala,* supra.

{¶ 17} I am also persuaded that *Hamilton* does not counsel against appellate review in this case for two other reasons. First, both the court of appeals and the Supreme Court in *Hamilton* reviewed, under an abuse-of-discretion standard, the trial court's order in that case, which stated simply, "[Plaintiff] Francis Hamilton's motion for class certification is denied. No just cause for delay." Id., 82 Ohio St.3d at 69, 694 N.E.2d 442. Second, *Hamilton* is distinguishable for the very reason that it involved a denial of certification. The Supreme Court recognized the difficulty of review of an order denying certification under an abuse-of-discretion standard where the trial court failed to disclose exactly which prerequisites of Civ.R.23 it found to be lacking. By contrast, when the trial court grants the motion to certify the class action, it has, a fortiori, found that the prerequisites of Civ.R. 23 have been satisfied, thus allowing an appellate court to review the order for an abuse of discretion in the same manner as any other order in which the trial court did not articulate its findings.

{¶ 18} In their motion to certify the class action, the plaintiffs' pivotal allegations claimed the existence of historical patterns and practices of race discrimination against African–American employees at the Cincinnati facility of Coca–Cola Enterprises. They argued that this central issue of class-wide discrimination presented a classic case for class certification based upon considerations of efficiency and judicial economy.

{¶ 19} For purposes of our review, we have the record, which includes the trial court's letter decision of December 31, 2002, and the transcript of the October 4, 2002 hearing on class certification. The majority acknowledges that this hearing

lasted for the better part of a day. During that hearing, counsel for the respective parties argued the presence or absence of the seven requirements of Civ.R. 23, submitted exhibits, and offered copies of their cited authorities. At the conclusion of the hearing, the trial court received the exhibits and authorities from counsel and announced that it was continuing the case to review them and to render its decision.

{¶ 20} In granting certification of the class action, the trial court recited each of the seven requirements of Civ.R. 23(A) and further noted that one of the requirements in Civ.R. 23(B) had to be met. It then concluded, "[P]laintiffs, identifying themselves as African Americans, have met each of the above requirements as well as all of Civ.R. 23(B) and therefore the litigation is certified as a class action suit." While stated in conclusory terms, the trial court's language does not provide any basis to assume that it did not undergo a rigorous analysis of the seven requirements under Civ.R. 23.

{¶ 21} The excellent appellate briefs of counsel discuss in detail each of the seven requirements regarding their application to certify the class action. If counsel can discuss in their appellate briefs and at oral argument whether the Civ.R. 23 factors apply, why cannot we, as in our usual practice, rely on their guidance in determining whether "there is no sound reasoning process that would support [the trial court's] decision?" *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.* (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597. In determining whether a case should be remanded to the trial court for further findings, an appellate court must make every reasonable presumption in favor of the trial court's judgment and findings of fact. *Shemo v. Mayfield Hts.* (2000), 88 Ohio St.3d 7, 9–10, 722 N.E.2d 1018.

{¶ 22} Finally, I appreciate that the majority, in an abundance of caution, is acting in the interest of effective appellate review, but its choice to remand this case to the trial court is ultimately subject to an unintended consequence. The record shows that the trial judge has since retired from the bench. Short of a rehearing, the majority's instruction to the trial judge's successor will require that judge to make those findings from this very record that the majority says we are unable to use for effective appellate inquiry. This, of course, begs the question of why, if a new trial judge can make findings from this record, we cannot review the same record to determine whether the original judge abused his discretion by granting certification.