DECISION
{¶ 1} Jeffrey Harrison appeals the trial court's judgment that decertified the plaintiffs' class in his lawsuit against Coca-Cola Enterprises, Inc. ("CCE").[1] We conclude that the trial court did not abuse its discretion when it decertified the class, and we, therefore, affirm the judgment of the trial court.
 {¶ 2} In 2001, Harrison, Kenneth Robinson, Anthony Wallace, Brent McCoy, Cheikh Thiam, Dante Roe, Justyn McLaughlin, and Jonathan Frost filed a complaint against CCE. The complaint included claims for racial discrimination, harassment based on a hostile work environment, and breach of public policy. The plaintiffs sought to certify a class action under Civ. R. 23. According to the complaint, the class would include "[a]ll African-American employees or applicants, male and female who are and/or were denied employment opportunities, promotions, and benefits based on race or national origin; and/or were paid at a lower rate than Caucasian employees, and/or were subjected to a hostile, offensive, and discriminatory environment; and/or were terminated based on race or national origin." In their complaint, the plaintiffs sought damages and injunctive relief.
 {¶ 3} On January 29, 2003, the trial court granted the plaintiffs' motion to certify the class as defined by the plaintiffs. CCE appealed the trial court's judgment. Because we could not discern whether the trial court had conducted a rigorous analysis of the Civ. R. 23 prerequisites, we reversed the judgment of the court.[2] After we remanded the case, it was assigned to a new judge due to the retirement of the original judge.
 3 *Page 4 {¶ 4} The newly assigned trial judge allowed the parties to submit additional authority on the issue of class certification. In an order dated June 21, 2004, the trial court ordered that the class would be redefined as "all African-American employees of CCE at its Cincinnati, Ohio, facilities from October 15, 1995[,] to the present"; that the redefined class would be certified for injunctive relief only under Civ.R 23(B)(2); and that class certification under Civ. R. 23(B)(1) and (3) would be denied.
 {¶ 5} After the June 21, 2004, order, discovery in the case continued. Six of the named plaintiffs — Robinson, McCoy, Thiam, Roe, McLaughlin, and Frost-dismissed their individual claims. In January 2006, the trial court granted CCE's motion for summary judgment with respect to the claims for discrimination and breach of public policy. CCE's motion for summary judgment on Harrison and Wallace's hostile-work-environment claims was denied. Also in January 2007, CCE filed a motion to decertify the class. In February 2007, the trial court granted summary judgment to CCE on Wallace's damage claims. On July 27, 2007, the trial court issued a decision that decertified the class.
 {¶ 6} Harrison now appeals the trial court's July 2007 order. Wallace has not appealed the decision. In his sole assignment of error, Harrison asserts that the trial court erred when it decertified the class.
 {¶ 7} Seven requirements must be satisfied before the trial court may certify a class action pursuant to Civ. R. 23: "(1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and *Page 5 
adequately protect the interests of the class; and (7) one of the three Civ. R. 23(B) requirements must be met."[3]
 {¶ 8} A trial court has broad discretion when determining whether the seven requirements have been met.[4] "A finding of abuse of discretion, particularly if the trial court has refused to certify, should be made cautiously."[5]
 {¶ 9} Here, the trial court concluded that Harrison and Wallace had met the first requirement: they proposed an identifiable class. In determining that there existed an identifiable class, the trial court noted that, because Harrison and Wallace both worked in CCE's Duck Creek facility, they could only represent employees from that facility. Accordingly, the proposed class was limited to African-American employees at the Duck Creek facility from October 1995 to the present. Having thus limited the proposed class, the trial court went on to conclude that the plaintiffs had met the next three requirements: they were members of the proposed class; the class was so numerous that joinder was impracticable; and there were questions of law or fact common to the class. But the court determined that neither Harrison's nor Wallace's claims were typical of the class that they sought to represent. The court also concluded that although Harrison was an adequate representative of the class, Wallace was not. Finally, the court concluded that, because it was not cohesive, the proposed class did not meet the Civ. R. 23(B)(2) requirements. Because the trial court's decision regarding the last three requirements is dispositive, we do not address whether its decision regarding the first four requirements was an abuse of discretion. *Page 6 
 {¶ 10} The trial court concluded that Harrison and Wallace's claims were not typical of the proposed class. For the majority of their time with CCE, Harrison and Wallace both worked in the mezzanine area of the Duck Creek facility. Although Harrison moved into the production area, the behavior that he had alleged in his hostile-environment claim had occurred while he was employed in the mezzanine area. The work done in the mezzanine area differed from the other areas of the facility and was overseen by separate supervisors. The trial court concluded that the work environment experienced by Harrison and Wallace in the mezzanine area would differ from that experienced by other class members in other areas of the facility. We cannot say that the trial court's conclusion that the claims of Harrison and Wallace were not typical of the claims of other class members was unreasonable, arbitrary, or unconscionable.
 {¶ 11} Nor can we say that the trial court abused its discretion when it determined that Wallace was not an adequate representative of the proposed class. "A representative is deemed adequate so long as his interest is not antagonistic to that of other class members."[6] The trial court had previously granted summary judgment to CCE on Wallace's damage claim because he had not disclosed a claim that he had filed in bankruptcy. The court concluded that the dismissal of his damage claim, his participation in other lawsuits, and his disagreements with other class members would make his representation of the class inadequate. That conclusion did not amount to an abuse of discretion. Harrison's contention that a different class representative could have been substituted for Wallace does not change the result. Our appellate review is limited to the case and parties before us. *Page 7 
 {¶ 12} Finally, the trial court concluded that the proposed class did not meet the Civ. R. 23(B)(2) requirements. In Wilson v. BrushWellman, the Ohio Supreme Court recognized that, to meet the Civ. R. 23(B)(2) requirements, the action must seek primarily injunctive relief, and the class must be cohesive.[7] It is clear at this point that the action seeks primarily injunctive relief. At issue is whether the class was cohesive. The trial court concluded that it was not. The court stated that the hostile-environment claims would necessarily involve disparate factual circumstances. And in light of the subjective element of proof necessary in hostile-environment claims, [8] the class members' individual views of the severity and pervasiveness of the conduct rendered the class not cohesive. Review of the potential class members' divergent statements about the environments in which they worked buttresses this conclusion. The trial court's determination regarding the Civ. R. 23(B)(2) requirements was not an abuse of discretion.
 {¶ 13} The sole assignment of error is not well taken, and we, therefore, affirm the judgment of the trial court.
Judgment affirmed.
HENDON and WINKLER, JJ., concur.
RALPH WINKLER, retired, from the First Appellate District, sitting by assignment.
[1] The complaint's designation of the defendant-appellee as "Johnston Coca-Cola Bottling Group" is incorrect.
[2] Robinson v. Johnson Coca-Cola Bottling Group, Inc.,153 Ohio App.3d 764, 2003-Ohio-4417, 796 N.E.2d 1.
[3] Hamilton v. Ohio Savings Bank, 82 Ohio St.3d 67, 71,1998-Ohio-365, 694 N.E.2d 442, citing Civ. R. 23 and Warner v. WasteMgt., Inc. (1988), 36 Ohio St.3d 91, 521 N.E.2d 1091.
[4] Id. at 70.
[5] Marks v. C.P. Chem. Co., Inc. (1987), 31 Ohio St.3d 200, 201,509 N.E.2d 1249.
[6] Marks, supra, at 203.
[7] 103 Ohio St.3d 538, 2004-Ohio-5847, 817 N.E.2d 59, at ¶ 13.
[8] See Kilgore v. Ethicon Endo-Surgery, Inc., 172 Ohio App.3d 387,2007-Ohio-2952, 875 N.E.2d 113; Brown v. Dover Corp., 1st
Dist. No. C-060123, 2007-Ohio-2128. *Page 1