[Cite as *Jones v. Sharefax Credit Union, Inc.*, 2022-Ohio-176.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| EILEEN JONES, as substituted Plaintiff-Appellant, for BRADLEY ENSINGER, | : | APPEAL NO. C-210260 <br> TRIAL NO. A-1802940 |
| and | : | |
| LYNN M. MCGOWAN-RUSSELL, | : | *O P I N I O N.* |
| Plaintiff, | : | |
| vs. | : | |
| SHAREFAX CREDIT UNION, INC., | : | |
| Defendant-Appellee. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: January 26, 2022

*Frederick & Berler, L.L.C., Ronald I. Frederick, Michael L. Berler* and *Stephen A. Bailey,* for Plaintiff-Appellant,

*Bricker & Eckler, L.L.P.,* and *Daniel C. Gibson*, for Defendant-Appellee.

**CROUSE, Presiding Judge.**

{¶1}    Plaintiff-appellant Eileen Jones, as substituted for Bradley Ensinger,[1] has appealed from the trial court's judgment denying class-action certification. Jones argues: (1) the trial court erred in failing to perform a rigorous analysis of the Civ.R. 23 class-action-certification requirements; (2) the trial court abused its discretion to the extent it denied class certification on the basis of defendant-appellee Sharefax Credit Union, Inc.'s, ("Sharefax")  mootness argument; and (3) assuming arguendo that the trial court did conduct a rigorous analysis of the Civ.R. 23 requirements, its decision denying class certification was an abuse of discretion.

### *Factual Background*

{¶2}    Plaintiffs Bradley Ensinger and Lynn M. McGowan-Russell[2] purchased vehicles in 2011 and 2015, respectively, from local automotive dealerships. They financed their purchases through separate retail installment sales contracts, which were assigned to Sharefax. Plaintiffs defaulted on their loans and Sharefax repossessed both vehicles in December 2017. After repossession, Sharefax sent plaintiffs notices of sale and notices of deficiency.

{¶3}    On June 13, 2018, plaintiffs filed a class-action suit, contending, inter alia, that Sharefax engaged in commercially unreasonable sales and sent them deficient notices of sale and deficiency in violation of the Retail Installment Sales Act ("RISA") and the Ohio Uniform Commercial Code (OUCC").

---

[1] Per Civ.R. 25, Eileen Jones was substituted for plaintiff Bradley Ensinger due to Ensinger's death during the pendency of the case.
[2] McGowan-Russell did not appeal the trial court's judgment.

{¶4} Plaintiffs alleged that Sharefax's notices of sale violated RISA because the notices did not state the amount, by itemization, required to cure the default. *See* R.C. 1317.12. They claimed the notices of sale also violated the OUCC because the notices did not advise them they could attend the sale and bring bidders. *See* R.C. 1309.614. Plaintiffs alleged that the notices of deficiency violated the OUCC because the notices failed to explain the calculation of the deficiency in the specific order required by R.C. 1309.616(C). Finally, plaintiffs alleged that the sale of the vehicles was commercially unreasonable because Sharefax failed to notify them of their right to attend the sale and bring bidders, and then sold the vehicles for substantially less than the minimum bid price stated in the notices of sale. *See* R.C. 1309.610.

{¶5} Plaintiffs claimed that Sharefax had issued the same defective "form" notices and engaged in commercially unreasonable sales in other repossession cases involving retail installment sales contracts. Therefore, they requested class-action certification of three classes of debtors similarly situated: the RISA class, the notice-of-sale class, and the notice-of-deficiency class.

{¶6} Plaintiffs also requested the following forms of relief: declaratory judgment, actual damages, an injunction prohibiting Sharefax from collecting any deficiency and from continuing its improper practices, statutory damages, restitution/disgorgement of fees, costs and deficiency balances unlawfully collected, an order requiring removal of adverse credit information reported by Sharefax to outside credit reporting agencies, interest, and attorney fees.

{¶7} Several of the claims for relief were settled prior to the class-certification hearing. Through discovery, it became apparent plaintiffs had not paid any repossession fees or deficiency balances. On October 29, 2019, Sharefax

submitted an "Automated Universal Data" form to the credit reporting agencies requesting that all negative reporting regarding plaintiffs' credit be removed. On November 1, 2019, Sharefax filed notices waiving its right to collect any deficiencies owed by plaintiffs. Sharefax also sent two checks to plaintiffs on October 29, 2019—one to Ensinger for $5,500 and one to McGowan-Russell for $9,500—but plaintiffs returned the checks without cashing them. Sharefax filed for summary judgment on the ground of mootness, arguing they had provided complete relief to plaintiffs. The motion was denied by a judge who retired from the bench shortly thereafter.

{¶8} On November 11, 2019, plaintiffs filed their motion for class certification. The newly-elected judge held a hearing and denied certification without explanation by a written entry filed March 23, 2021.

### *Mootness*

{¶9} Before we address Jones's assignments of error, we must address the mootness issue raised by Sharefax in its motion for summary judgment, in opposition to class-action certification, and on appeal. It argues the case is moot because it has provided complete relief to plaintiffs.

{¶10} Mootness concerns subject-matter jurisdiction and may be raised by an appellee on appeal without the necessity of a cross-appeal. *See WBCMT 2007-C33 Office 7870, LLC v. Breakwater Equity Partners, LLC,* 2019-Ohio-3935, 133 N.E.3d 607, ¶ 39 (1st Dist.), citing *Paulus v. Beck Energy Corp.,* 2017-Ohio-5716, 94 N.E.3d 73, ¶ 29 (7th Dist.) (matters of subject-matter jurisdiction may be raised for the first time on appeal); *JG City LLC v. State Bd. of Pharmacy*, 10th Dist. Franklin No. 21AP-38, 2021-Ohio-4624 ("the filing of a cross-appeal is not a prerequisite to

challenging a court's subject-matter jurisdiction, as subject-matter jurisdiction cannot be waived and may be raised at any time").

{¶11} "The subject-matter jurisdiction of common pleas courts is limited to justiciable matters." *City of Cincinnati v. Fourth Natl. Realty, LLC*, 1st Dist. Hamilton Nos. C-180156 and C-180174, 2019-Ohio-1868, ¶ 25. "A justiciable matter indicates the existence of an actual controversy, a genuine dispute between adverse parties." *Id.* Where the claims of the named plaintiffs are moot, the certification question becomes moot as well. *Castillo v. Nationwide Fin. Servs.*, 10th Dist. Franklin No. 02AP-1393, 2003-Ohio-4766, ¶ 26.

{¶12} Jones argues that if the trial court considered the mootness question at the class-certification stage, that was improper because the question was already decided by the previous trial judge when he denied Sharefax's motion for summary judgment. However, we note that the trial court did not contradict the previous judge's order denying summary judgment because the court specifically did not hold that the case was moot. The court simply held, without explanation, that the motion for class certification was denied and allowed the case of the individual plaintiffs to proceed. Nevertheless, the trial court was free to revisit the issue of mootness. "[I]t is well settled that the denial of a motion for summary judgment generally is considered an interlocutory order not subject to immediate appeal." *Meece v. Am. & Foreign Ins. Co.*, 1st Dist. Hamilton Nos. C-030088 and C-020818, 2003-Ohio-6504, ¶ 16. A trial court is free to "reconsider an interlocutory order entered in the same case." *Murphy v. Murphy*, 1st Dist. Hamilton No. C-130229, 2014-Ohio-656, ¶ 20. Therefore, the prior judge's denial of summary judgment on the basis of

mootness did not preclude the trial court from considering the mootness question at the class-certification stage.

{¶13} Next, Jones argues that (1) complete relief was not provided because Ensinger rejected the check sent by Sharefax, and (2) the potential recovery of the class representative incentive payment gives Jones a continuing interest in the litigation. We find that Jones's rejection of the check is dispositive of the issue, so we do not address whether the potential recovery of the class representative incentive payment provides Jones with the requisite interest in the litigation.

{¶14} Jones does not claim the amount of the check was inadequate. Rather, she argues the rejection of the check equated to a rejection of Sharefax's offer to settle the case.

{¶15} This issue was addressed by the United States Supreme Court in *Campbell-Ewald Co. v. Gomez,* 577 U.S. 153, 136 S.Ct. 663, 193 L.Ed.2d 571 (2016). In that case, the plaintiff filed a class-action complaint. Prior to the agreed-upon deadline for the plaintiff to file a motion for class certification, the defendant served plaintiff with an offer of judgment pursuant to Fed.Civ.R. 68. *Id.* at 157-158. The plaintiff let the offer lapse by failing to respond within the time required by the rule. *Id.* at 158. The defendant argued that despite the plaintiff's failure to accept the offer, the offer of judgment had satisfied the plaintiff's claims, and therefore, the claims were moot. *Id.*

{¶16} The *Campbell-Ewald* majority disagreed and adopted Justice Kagan's dissent in *Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 72, 133 S.Ct. 1523, 185 L.Ed.2d 636 (2013), which stated that "an unaccepted offer of judgment cannot moot a case." *Campbell-Ewald* at 162 ("We now adopt Justice Kagan's analysis, as has

6

every Court of Appeals ruling on the issue post *Genesis Health Care*."). In *Genesis*, the Court "assumed, without deciding, that an offer of complete relief pursuant to Rule 68, even if unaccepted, moots a plaintiff's claim." *Id.* at 161. In rejecting the mootness argument, the *Campbell-Ewald* court relied on "basic principles of contract law" and adopted the following reasoning from Justice Kagan's *Genesis* dissent:

> When a plaintiff rejects such an offer—however good the terms—her interest in the lawsuit remains just what it was before. And so too does the court's ability to grant her relief. An unaccepted settlement offer—like any unaccepted contract offer—is a legal nullity, with no operative effect. As every first-year law student learns, the recipient's rejection of an offer "leaves the matter as if no offer had ever been made." Nothing in Rule 68 alters that basic principle; to the contrary, that rule specifies that "[a]n unaccepted offer is considered withdrawn." So assuming the case was live before—because the plaintiff had a stake and the court could grant relief— the litigation carries on, unmooted.

*Id.* at 162, citing *Genesis* at 81 (Kagan, J., dissenting), quoting *Minneapolis & St. Louis Ry. v. Columbus Rolling Mill*, 119 U.S. 149, 151, 7 S.Ct. 168, 30 L.Ed. 376 (1886), and Fed.Civ.R. 68(b).

{¶17} The Court held that the plaintiff's complaint was "not effaced" by the unaccepted offer to satisfy his individual claim. *Campbell-Ewald* at 162. Absent acceptance, the defendant's settlement offer remained only a proposal, binding neither party. *Id.* at 163.

{¶18}   Following *Campbell-Ewald*, the United States Court of Appeals for the Sixth Circuit rejected the defendant's argument that its offer of judgment mooted the case in *Bridging Communities Inc. v. Top Flite Fin. Inc.*, 843 F.3d 1119, 1127 (6th Cir.2016). The court held,

> "Under basic principles of contract law, * * * [an] offer of judgment, once rejected, has no continuing efficacy" and Top Flite may not rely on such lapsed offers "to avoid a potential adverse decision, one that could expose it to damages a thousand-fold larger than" the offers Bridging Communities and Gamble declined to accept here.

*Id.*, quoting *Campbell-Ewald* at 670.

{¶19}   Jones agrees that the amount of the check sent by Sharefax would fully satisfy her monetary demands. But Ensinger rejected the offer and returned the check. The parties are in the same position monetarily as they were before the offer was made. Therefore, Jones's claim for monetary damages is still "live" and the case is not moot.

### *First Assignment of Error*

{¶20}   In her first assignment of error, Jones contends the trial court abused its discretion by not conducting a rigorous analysis of the Civ.R. 23 factors.

{¶21}   "A class action is an exception to the usual rule that litigation is conducted by and on behalf of only the individually named parties. Therefore, to fall within the exception, the party bringing the class action must affirmatively demonstrate that each requirement of Civ.R. 23 has been satisfied." (Citations omitted.) *Safi v. Cent. Parking Sys. Ohio, Inc.,* 2015-Ohio-5274, 45 N.E.3d 249, ¶ 14 (1st Dist.). A party seeking certification bears the burden of proving by a

preponderance of the evidence that the proposed class meets each of the requirements in Civ.R. 23. *Id.* at ¶ 15.

A trial court may not certify a class action pursuant to Civ.R. 23 unless seven prerequisites have been met: (1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impractical; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be satisfied. Failure to satisfy any one of the requirements will result in the denial of class certification.

*Robinson v. Johnston Coca-Cola Bottling Group, Inc.*, 153 Ohio App.3d 764, 2003-Ohio-4417, 796 N.E.2d 1, ¶ 2 (1st Dist.).

{¶22} "A trial judge has broad discretion in determining whether a class action may be maintained and that determination will not be disturbed absent a showing of an abuse of discretion." *Hamilton v. Ohio Savs. Bank*, 82 Ohio St.3d 67, 70, 694 N.E.2d 442 (1998). "[T]he appropriateness of applying the abuse-of-discretion standard in reviewing class action determinations is grounded * * * in the trial court's special expertise and familiarity with case-management problems and its inherent power to manage its own docket." *Id.*

{¶23} "It is at the trial level that decisions as to class definition and the scope of questions to be treated as class issues should be made. A finding of abuse of

discretion, particularly if the trial court has refused to certify, should be made cautiously." *Hinkston v. Fin. Co.*, 1st Dist. Hamilton No. C-980972, 2000 Ohio App. LEXIS 2010, *6 (May 12, 2000), quoting *Marks v. C.P. Chem. Co.*, 31 Ohio St.3d 200, 201, 509 N.E.2d 1249 (1987).

{¶24} "However, the trial court's discretion in deciding whether to certify a class action is not unlimited, and indeed is bounded by and must be exercised within the framework of Civ.R. 23. The trial court is required to carefully apply the class action requirements and conduct a *rigorous analysis* into whether the prerequisites of Civ.R. 23 have been satisfied." (Emphasis added.) *Hamilton* at 70.

{¶25} A rigorous analysis "requires the court to resolve factual disputes relative to each requirement and to find, based upon those determinations, other relevant facts, and the applicable legal standard," that the requirements of Civ.R. 23 have been met. *Cullen v. State Farm Mut. Auto. Ins. Co.,* 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, ¶ 16. Class-action certification does not go to the merits of the action. *Id.* at ¶ 17.

> However, deciding whether a claimant meets the burden for class certification pursuant to Civ.R. 23 requires the court to consider what will have to be proved at trial and whether those matters can be presented by common proof. Thus, * * * in resolving a factual dispute when a requirement of Civ.R. 23 for class certification and a merit issue overlap, a trial court is permitted to examine the underlying merits of the claim as part of its rigorous analysis, but only to the extent necessary to determine whether the requirement of the rule is satisfied.

(Citations omitted.) *Id.*; s*ee Felix v. Ganley Chevrolet, Inc.,* 145 Ohio St.3d 329, 2015-Ohio-3430, 49 N.E.3d 1224, ¶ 26 ("there can be no dispute that a trial court's rigorous analysis of the evidence often requires looking into enmeshed legal and factual issues that are part of the merits of the plaintiff's underlying claims").

{¶26} In *Hamilton*, the Ohio Supreme Court held that conducting a "rigorous analysis" does not require the trial court to make formal findings to support its decision. *Hamilton,* 82 Ohio St.3d at 70, 694 N.E.2d 442. But it recognized that formal findings are preferable. It stated:

> Aside from the obvious practical importance, articulation of the reasons for the decision tends to provide a firm basis upon which an appellate court can determine that the trial court exercised its discretion within the framework of Civ.R. 23, and discourages reversal on the ground that the appellate judges might have decided differently had they been the original decisionmakers. On the other hand, the failure to provide an articulated rationale greatly hampers an appellate inquiry into whether the relevant Civ.R. 23 factors were properly applied by the trial court and given appropriate weight, and such an unarticulated decision is less likely to convince the reviewing court that the ruling was consistent with the sound exercise of discretion.

*Id.* at 70-71.

> It is exceedingly difficult to apply an abuse-of-discretion standard to Civ.R. 23 determinations where, as here, the trial court fails not only to articulate its rationale, but also fails to disclose which of the seven class action prerequisites it found to be lacking with respect to the various

11

alleged claims for relief. Accordingly, we suggest that in determining the propriety of class certification under Civ.R. 23, trial courts make separate written findings as to each of the seven class action requirements, and specify their reasoning as to each finding.

*Id.* at 71.

{¶27} In *Robinson,* 153 Ohio App.3d 764, 2003-Ohio-4417, 796 N.E.2d 1, at ¶ 3, the trial court merely recited each of the class-certification requirements and stated that plaintiffs had met the requirements. This court held, "Based on the record furnished to us, we are unable to discern whether the trial court conducted a thorough analysis into whether the prerequisites of Civ.R. 23 had been satisfied before certifying the class." *Id.* at ¶ 12.

> [T]he trial court's decision provided no articulated rationale that would enable a meaningful appellate inquiry. * * * [T]here is no indication in the record that the trial court applied the requirements of Civ.R. 23 when it granted class certification. This is not "one of those rare cases" in which separate findings on the part of the trial court are unnecessary for this court's review.

*Id.* at ¶ 11, quoting *Bardes v. Todd*, 139 Ohio App.3d 938, 943, 746 N.E.2d 229 (1st Dist.2000) (holding "this is one of those rare cases in which neither an evidentiary hearing nor separate findings on the part of the trial court are necessary" because certification of appellant's proposed class of "Ohio mothers" subject to various divorce and support statutes was clearly improper under Civ.R. 23(B)(2) and (3)). *Accord Dunkelman v. Cincinnati Bengals*, 170 Ohio App.3d 224, 2006-Ohio-6825, 866 N.E.2d 576, ¶ 15 (1st Dist.) ("Dunkelman II") (reversing the trial court's order

12

certifying the class because "the trial court's entry * * * is devoid of any rationale, yet alone any rigorous analysis, relating to any of the prerequisites for class certification. Given the inadequacy of the record before us, we cannot properly review the trial court's entry granting class certification with respect to the plaintiffs' remaining claims under an abuse-of-discretion standard."); *Gordon v. Erie Islands Resort & Marina,* 6th Dist. Ottawa No. OT-13-040, 2014-Ohio-4970, ¶ 21-22, citing *Maas v. Penn Cent. Corp.,* 11th Dist. Trumbull No. 2003-T-0123, 2004-Ohio-7233 (holding the same).

{¶28} There is a notable difference between a grant of certification and a denial. A party seeking class certification must prove all seven requirements in Civ.R. 23. Therefore, a trial court only needs to find that one requirement is lacking in order to deny certification. *See State ex rel. Davis v. Pub. Emp. Retirement Bd.*, 10th Dist. Franklin No. 04AP-1293, 2005-Ohio-6612, ¶ 10 ("if the trial court finds that one of the prerequisites is not present, the court need not continue in its rigorous analysis as the inquiry into class certification is at an end"). Thus, explicit findings are especially important in cases where certification has been granted. And deference to the trial court's decision is especially appropriate in cases where class certification has been denied. *Marks,* 31 Ohio St.3d at 201, 509 N.E.2d 1249.

{¶29} But that does not mean that findings are not necessary or important where certification has been denied. In *Hamilton,* the Ohio Supreme Court acknowledged the difficulty in reviewing a trial court's denial of certification where the trial court did not articulate its rationale or disclose which of the seven Civ.R. 23 requirements it found to be lacking. *Hamilton*, 82 Ohio St.3d at 71, 694 N.E.2d 442.

**{¶30}** That is the case here. The trial court did not provide any analysis in its written entry. It merely stated that it had reviewed the written memoranda and that the motion for class certification was denied. Sharefax argues that despite the lack of written findings, the record demonstrates the trial court did undertake a rigorous analysis because the court stated that it had read the parties' briefs thoroughly, held a hearing during which the parties articulated their arguments on certification and the court asked questions, and the court did not issue its ruling until 20 days after the hearing. Additionally, Sharefax contends that the majority of the Civ.R. 23 factors are not in dispute, which narrows the grounds upon which the trial court could have denied certification. Sharefax only challenges the following Civ.R. 23 requirements: class membership, representative adequacy, and the predominance and superiority factors under Civ.R. 23(B).

**{¶31}** First, this is not one of those "rare" cases where certification is clearly improper. *Compare Bardes*, 139 Ohio App.3d at 943, 746 N.E.2d 229 (certification was clearly improper where the pro se plaintiff sought to certify a class of all "Ohio mothers" subject to certain divorce and support statutes). Rather, this case presents complex issues, making it more like *Dunkelman*, 170 Ohio App.3d 224, 2006-Ohio-6825, 866 N.E.2d 576, at ¶ 15 ("this case presents complex issues related to class certification") than *Bardes*.

**{¶32}** Next, the fact that the trial court reviewed the briefs and conducted a hearing does not mean it conducted a rigorous analysis. *See Maas*, 11th Dist. Trumbull No. 2003-T-0123, 2004-Ohio-7233, at ¶ 30-31 (rejecting appellees' argument that the briefs filed by the parties and the hearing conducted by the court were sufficient to show that the court conducted a rigorous analysis); *Dunkelman* at

¶ 9 (even though the trial court conducted a one-hour hearing on the motions for summary judgment and class certification, this court reversed the trial court's order certifying the class because it failed to articulate its rationale). The transcript of the hearing in the present case was only 18 pages long and the trial court did not indicate during the hearing which Civ.R. 23 requirement it found to be lacking.

{¶33} Finally, this is not a case where the defendant opposed certification on a single basis. Because several of the Civ.R. 23 requirements are disputed, we are left to guess upon which basis the trial court denied certification. "The lynchpin of abuse-of-discretion review is the determination whether the trial court's decision is reasonable." *State v. Hunter*, 1st Dist. Hamilton No. C-200160, 2021-Ohio-2423, ¶ 25, quoting *State v. Chase*, 2d Dist. Montgomery No. 26238, 2015-Ohio-545, ¶ 17. "[U]nless the reason or reasons for the trial court's decision are apparent from the face of the record, it is not possible to determine if the decision is reasonable without some explanation of the reason or reasons for that decision." *Id.* "Thus, meaningful appellate review requires either a decision from the trial court that explains its reasoning, or a clear record from which the appellate court can discern the trial court's reasoning." *Hunter* at ¶ 25.

{¶34} We hold that because the record does not demonstrate that the trial court conducted a rigorous analysis, we are unable to properly review for an abuse of discretion. *See Dunkelman*, 170 Ohio App.3d 224, 2006-Ohio-6825, 866 N.E.2d 576, at ¶ 15; *Hamilton*, 82 Ohio St.3d at 71, 694 N.E.2d 442; *Gordon*, 6th Dist. Ottawa No. OT-13-040, 2014-Ohio-4970, at ¶ 24. Therefore, we sustain the first assignment of error.

### *Conclusion*

**{¶35}** Our disposition of the first assignment of error renders the second and third assignments of error moot. The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with the law and this opinion.

Judgment reversed and cause remanded.

**WINKLER** and **BOCK, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.