[Cite as *Shipp v. Norton Outdoor Advertising, Inc.*, 2022-Ohio-216.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| JERRY L. SHIPP, | : | APPEAL NO. C-210150 |
| | | TRIAL NO. A-1802632 |
| and | : | |
| CYNTHIA SHIPP, | : | *O P I N I O N.* |
| Plaintiffs-Appellants, | : | |
| | : | |
| vs. | : | |
| | : | |
| NORTON OUTDOOR ADVERTISING, INC., | : | |
| | : | |
| and | : | |
| LAL PROPERTIES, LLC, | : | |
| Defendants-Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: January 28, 2022

*Phillips Law Firm, Inc.*, *John H. Phillips* and *Kyle E. Hackett,* for Plaintiffs-Appellants,

*Robbins, Kelly, Patterson & Tucker, LPA, Michael A. Galasso* and *Robert Ernst,* for Defendant-Appellee Norton Outdoor Advertising, Inc.,

*Cors & Bassett, LLC,* and *Michael L. Gay*, for Defendant-Appellee LAL Properties, LLC.

**CROUSE, Presiding Judge.**

{¶1} Plaintiffs-appellants Jerry and Cynthia Shipp (the "Shipps") appeal the judgment of the Hamilton County Court of Common Pleas, raising a sole assignment of error for our review. The Shipps argue the trial court abused its discretion when it denied the Shipps' motion for class certification. For the following reasons, we hold that the trial court did not abuse its discretion in denying class certification, and we affirm its judgment.

### Factual and Procedural Background

{¶2} At the center of this case are two, 14-feet-tall by 48-feet-wide LED-billboards located at 130 West Ross Avenue in the Village of St. Bernard, Cincinnati, Ohio. The billboards are positioned to face Interstate 75. They are owned by Norton Outdoor Advertising, Inc., ("Norton") while LAL Properties, LLC, ("LAL Properties") owns the land on which the billboards sit. The Shipps live on West Ross Avenue and allege that the lights emitted from the color-changing billboards are a nuisance to them and their neighbors. Specially, they note that the messages on the billboards change every eight seconds, resulting in frequent flashes of light in the neighborhood.

{¶3} Norton has maintained billboards on the site since the 1970s, but the controversy was not sparked until 2018 when Norton converted the traditional billboards to variable message LED-billboards.

{¶4} Shortly after the new billboards began operating, the Shipps filed a class-action complaint and jury demand against Norton, LAL Properties, Flora

2

Byrnes,[1] Leesman Lighting, LLC,[2] and the Village of St. Bernard ("St. Bernard"). The complaint brought claims for nuisance, trespass, and negligence against Norton, LAL Properties, Byrnes, and Leesman Lighting, LLC. The complaint also alleged violations of procedural and substantive due process under both the United States and Ohio Constitutions against St. Bernard.

{¶5} On June 22, 2018, the Shipps voluntarily dismissed Leesman Lighting, LLC. On June 28, 2018, St. Bernard removed the case to the United States District Court for the Southern District of Ohio on the basis of federal-question jurisdiction. Once there, the Shipps voluntarily dismissed St. Bernard, along with their trespass claims. After unsuccessful attempts to settle the matter in federal court, the case was remanded back to the Hamilton County Court of Common Pleas.

{¶6} Once back in state court, the remaining parties again attempted to settle, but were not successful. Following that attempt, the Shipps moved for class certification on October 16, 2019. They sought to certify the following class:

All owners, renters, and occupants of residential property located within a Five Hundred (500) foot radius of Norton Outdoor Advertising, Inc.'s Two Electronic, Variable Message Billboards located at 130 West Ross Avenue, Village of St. Bernard from January 17, 2018, onward.

{¶7} The trial court denied the Shipps' motion to certify, finding that the proposed class failed to satisfy Civ.R. 23(A) in that it lacked numerosity, typicality,

---

[1] Byrnes was alleged in the complaint to own a parcel of property also located at 130 West Ross Avenue, but she is no longer a party to the action.
[2] Leesman Lighting, LLC, is a tenant of LAL Properties and operates a business with its principal place of business at 130 West Ross Avenue.

commonality, and adequacy of representation. Finding none of these prerequisites to be met, the court opted not to assess the proposed class under Civ.R. 23(B).

### *The proposed class lacks numerosity*

{¶8}    A trial court's decision whether to grant class certification is reviewed for an abuse of discretion. *Robinson v. Johnston Coca-Cola Bottling Group, Inc.,* 153 Ohio App.3d 764, 2003-Ohio-4417, 796 N.E.2d 1, ¶ 4 (1st Dist.), citing *Marks v. C.P. Chem. Co.,* 31 Ohio St.3d 200, 509 N.E.2d 1249 (1987), first paragraph of the syllabus. It is not an abuse of discretion where a reviewing court may have decided a class-certification issue differently than a trial court. *Robinson* at ¶ 5 (explaining that a trial court's mandate to articulate its findings when deciding whether to certify a class "discourages reversal on the ground that the appellate judges might have decided differently had they been the original decision makers."). Of course, "the court's discretion is not unlimited." *Id.* at ¶ 4.

{¶9}    Pursuant to Civ.R. 23, the trial court must find seven requirements to be satisfied to grant class certification:

(1) an identifiable class must exist and the definition of the class must be unambiguous;

(2) the named representatives must be members of the class;

(3) the class must be so numerous that joinder of all members is impractical;

(4) there must be questions of law or fact common to the class;

(5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class;

(6) the representative parties must fairly and adequately protect the interests of the class; and

(7) one of the three Civ.R. 23(B) requirements must be satisfied.

*Id.* at ¶ 2, citing *In re Consol. Mtge. Satisfaction Cases*, 97 Ohio St.3d 465, 2002-Ohio-6720, 780 N.E.2d 556, citing *Warner v. Waste Mgt. Inc.,* 36 Ohio St.3d 91, 96-98, 521 N.E.2d 1091 (1988). If a party fails to satisfy even one of the requirements, class certification is not proper. *Id.*

{¶10} Similarly, when reviewing a denial of class certification, we do not need to address each finding made by the trial court. Rather, if we find that the trial court acted within its discretion as to even a single requirement, we may affirm the denial of class certification. *See Brooks v. Personal Serv. Ins. Co.*, 1st Dist. Hamilton No. C-980116, 1998 Ohio App. LEXIS 4923, *7 (Oct. 23, 1998) ("Because we hold that there was no abuse of discretion with respect to the application of the numerosity requirement, we do not address the trial court's findings relating to commonality, typicality, or superiority, and we affirm the judgment of the trial court."); *Adair v. Dayton Walther Corp.*, 2d Dist. Montgomery No. 13429, 1993 Ohio App. LEXIS 573, *2 (Feb. 4, 1993) ("We are not required to pass specifically on each of [the class action] tests if, with respect to but one, we affirm the judgment of the trial court."); *MidFirst Bank v. Biller*, 3d Dist. Seneca No. 13-10-13, 2010-Ohio-6067, ¶ 28 (finding typicality and commonality to be lacking and noting that "[b]ecause all seven requirements must be met in order to grant class action certification, it is not necessary to examine the other Civ.R. 23 requirements").

{¶11} In this case, we hold that the trial court did not abuse its discretion when it found that the numerosity requirement was lacking. Civ.R. 23(A)(1) requires

5

a class to be "so numerous that joinder of all members is impracticable." Numerosity must be determined based on the facts of each case, though Ohio courts have provided approximate ranges to guide the analysis. *Warner* at 97. In *Warner,* the Ohio Supreme Court noted that greater than 40 members likely satisfies numerosity, but less than 25 likely does not, and that a gray area exists between 25 and 40 members. *Id.*, quoting Miller, *An Overview of Federal Class Actions: Past, Present and Future* at 45 (2 Ed.1977). Moreover, " 'impracticability of joinder must be positively shown, and cannot be speculative.' " *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 541 (6th Cir.2012), quoting *Golden v. City of Columbus,* 404 F.3d 950, 966 (6th Cir.2005).

{¶12} The Shipps proposed class includes 17 "residential structures." Fifteen of those structures are single-family homes, while two are multi-family residences. Altogether, that equates to 23 residences. The Shipps argue that by assuming two occupants per residence, their proposed class has at least 46 members.

{¶13} While the Shipps correctly note that we may draw reasonable inferences in determining class size, the only support they provide for their proposition that two people per residence is a suitable approximation is a reference to the 2010 United States Census which, they claim, found the average household size in St. Bernard to be 2.2 people. Given that the proposed class includes only 23 residences within a 500 foot radius of the signs, it was not unreasonable for the trial court to refuse to speculate as to the number of people per household, and to find that it would not be difficult or inconvenient to identify and join all members of the proposed class.

6

{¶14} The trial court found, "[p]laintiffs actually defeat their own argument by agreeing that the proposed class is easily identified and does not exceed seventeen parcels of property, involving owners or tenants of those seventeen parcels. While this limits the number and identifiability of potential plaintiffs, it likewise makes it reasonable for any owner/tenant who feels they have a compensable claim to join the pending litigation."

{¶15} The Shipps have not "positively shown" that joinder is impracticable. *See Young*, 693 F.3d at 541. Rather, they have broadly alleged that the modest incomes of some of the proposed class members may make joinder less practicable, due to the high cost of individual lawsuits and the low recovery potential. This speculation is not enough to satisfy Civ.R. 23(A)(1), particularly where the number of proposed class members is already low. *See id.*

{¶16} Based on the evidence before it, the trial court did not abuse its discretion in finding that the proposed class did not meet the Civ.R. 23(A)(1) numerosity requirement. We overrule the assignment of error and affirm the decision of the trial court, and do not address the other requirements that the trial court found to be lacking.

Judgment affirmed.

**WINKLER** and **BOCK JJ.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion