[Cite as *Voss v. Quicken Loans, L.L.C.*, 2024-Ohio-12.]

# `IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| SAMUEL VOSS, | : | APPEAL NO. C-230065<br>TRIAL NO. A-2002899 |
| Plaintiff-Appellee, | : | |
| vs. | | |
| QUICKEN LOANS, LLC, | : | *O P I N I O N.* |
| and | : | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | : | |
| Defendants-Appellants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: January 5, 2024

*Markovits, Stock & DeMarco, LLC, W.B. Markovits, Terence R. Coates, Justin C. Walker, Dylan J. Gould, Wolterman Law Office, LPA,* and *Matthew C. Metzger*, for Plaintiff-Appellee,

*Goodwin Procter LLP, William M. Jay, Brooks R. Brown, Joseph Yenouskas, Frost Brown Todd LLC, Nathaniel L. Truit, James C. Frooman, Manley Burke LPA* and *Timothy M. Burke,* for Defendants-Appellants.

**BOCK, Judge.**

**{¶1}** Defendants-appellants Quicken Loans, LLC, now known as Rocket Mortgage, LLC, and Mortgage Electronic Registration Systems, Inc., (collectively "Rocket Mortgage") challenge the trial court's decision to grant plaintiff-appellee Samuel Voss's motion to certify a class in this action, which seeks damages for Rocket Mortgage's violations of Ohio's mortgage-recording statute, R.C. 5301.36.

**{¶2}** First, Rocket Mortgage argues that a recent amendment to R.C. 5301.36(C), which barred class recovery of statutory damages for statutory violations that occurred in 2020, warranted a denial of Voss's motion. Second, Rocket Mortgage argues that Voss and the class lack standing to raise claims for violations of the statute. Third, Rocket Mortgage claims that the trial court abused its discretion when it found that common issues predominate the class.

**{¶3}** We hold that the trial court properly considered the version of R.C. 5301.36(C) that was in effect at the time of its decision. We also hold that the legislature conferred standing on parties like Voss under R.C. 5301.36(C)(1). Finally, we hold that the trial court reasonably determined that common issues of law and fact predominate the class.

## I. Facts and Procedure

**{¶4}** On February 5, 2020, plaintiff-appellee Samuel Voss purchased real property at 486 Stanley Avenue in Cincinnati, Ohio, from Donald Dow, Jr. Dow had purchased the property in 2016 with a loan from Rocket Mortgage, secured by a mortgage with Mortgage Electronic Registration Systems, Inc., ("MERS"). Dow used the proceeds of the sale to satisfy his obligation to Rocket Mortgage.

{¶5} On May 26, 2020, more than 90 days later, Rocket Mortgage mailed the release of that mortgage as evidence of its satisfaction to the Hamilton County Recorder's office. The satisfaction was recorded the next day.

{¶6} Voss sued Rocket Mortgage, alleging a violation of R.C. 5301.36(B). Under Ohio law, Rocket Mortgage had until May 5, 2020, to record the satisfaction of the mortgage with the Hamilton County Recorder's office. For its part, Rocket Mortgage acknowledges that it recorded the satisfaction of the mortgage 22 days after the 90-day statutory deadline.

{¶7} Rocket Mortgage removed the case to federal court. *See Voss v. Quicken Loans LLC*, S.D.Ohio No. 1:20-cv-756, 2021 U.S. Dist. LEXIS 161380 (Aug. 26, 2021). Roughly one year later, the federal court remanded the case back to the common pleas court because the amount in controversy fell well short of 28 U.S.C. 1332's $75,000 threshold for diversity jurisdiction, and alternatively, because Voss failed to show a concrete injury for Article III standing under the United States Constitution. *Id.* at 17.

*The trial court denied Rocket Mortgage's motion for summary judgment*

{¶8} Months later, Rocket Mortgage moved for summary judgment, arguing that Voss lacked standing to sue under Ohio law and that the COVID-19 pandemic constituted an unforeseen event excusing its noncompliance with the recording statute. In support, Rocket Mortgage relied on roughly 2,000 pages of deposition testimony, affidavits, government orders, and an expert report.

{¶9} In response, Voss argued that he had standing under Ohio law, which recognizes intangible injuries, and under R.C. 5301.36, which confers statutory standing. And Voss cited mortgage-release documents filed by Rocket Mortgage in April 2020 with the Hamilton County Recorder's office to demonstrate that statutory compliance was possible.

3

{¶10} The trial court denied Rocket Mortgage's motion. It addressed Rocket Mortgage's standing claim and explained that "R.C. 5301.36(C) states that '*the mortgagor* of the unrecorded satisfaction *and the current owner* of the real property to which the mortgage pertains may recover, in a civil action.' " (Emphasis added by the trial court.) In addition, the trial court found "genuine issues of material fact existing in determining whether [the statutory violation] was excusable."

### *The trial court granted Voss's motion for class certification*

{¶11} In June 2022, Voss moved to certify a class of all mortgagors or current owners of property that was the subject of a loan issued by Rocket Mortgage, and its affiliates and subsidiaries, "where the mortgage was satisfied in full, and the mortgagee did not record an entry of mortgage satisfaction with the applicable county recorder's office within 90 days of the date of mortgage satisfaction, from August 19, 2014 through August 19, 2020." In addition, Voss asked to serve as class representative. Rocket Mortgage opposed what it described as a perfunctory motion for class certification, claiming that Voss failed to meet his burdens of production and persuasion. Voss replied in support of his motion.

{¶12} In January 2023, Rocket Mortgage supplemented its objection to class certification, arguing that the General Assembly's amendment to R.C. 5301.36(C), which was signed into law on January 6, 2023, with an April 6, 2023 effective date, precluded recovery of statutory damages in class actions for violations of R.C. 5301.36(B) that occurred in 2020.

{¶13} In February 2023, the trial court granted Voss's motion for class certification, explaining that the class is ascertainable, violations of the statutory duty are common issues of law and fact, and questions of law and fact common to the class predominate. Plus, the trial court found that "retroactive application of the statute is

4

not permitted and will apply the law as was written when this action was commenced and is currently written."

{¶14} Rocket Mortgage appeals in three assignments of error.

## II. Law and Analysis

{¶15} First, Rocket Mortgage argues that the trial court improperly failed to apply R.C. 5301.36(C)(2) to Voss's motion for class certification. Second, Rocket Mortgage maintains that Voss and the entire class lack standing to recover for a violation of R.C. 5301.36. Third, Rocket Mortgage challenges the trial court's finding that questions of law or fact common to the class predominate.

*The trial court appropriately considered the law in effect as written*

{¶16} In its first assignment of error, Rocket Mortgage argues that newly enacted R.C. 5301.36(C)(2) warranted a denial of class certification under two theories. First, it contends that R.C. 5301.36(C)(2) applies prospectively to this case. Second, it maintains that R.C. 5301.36(C)(2) was permissibly written to apply retroactively.

{¶17} Ordinarily, we review a trial court's class-certification decision for an abuse of discretion. *Jones v. Sharefax Credit Union, Inc.,* 1st Dist. Hamilton No. C-210260, 2022-Ohio-176, ¶ 22. But we review questions of law de novo. *Crutcher v. Oncology/Hematology Care, Inc.,* 2022-Ohio-4105, 201 N.E.3d 446, ¶ 55 (1st Dist.).

{¶18} Ohio's mortgage-recording statute requires mortgage lenders to "record a release of the mortgage evidencing the fact of its satisfaction" within 90 days of the satisfaction of the mortgage. R.C. 5301.36(B). When the trial court certified the class on February 8, 2023, former R.C. 5301.36(C) provided that "the mortgagor of the unrecorded satisfaction and current owner of the real property to which the mortgage

pertains may recover, in a civil action, damages of two hundred fifty dollars" for noncompliance with that 90-day statutory deadline.

{¶19} Effective April 7, 2023, R.C. 5301.36(C) now states:

(1) *Except as provided in division (C)(2) of this section,* if the mortgagee fails to comply with division (B) of this section, the mortgagor of the unrecorded satisfaction and the current owner of the real property to which the mortgage pertains may recover, in a civil action, damages of two hundred fifty dollars. This division does not preclude or affect any other legal remedies or damages that may be available to the mortgagor.

(2) *A mortgagor or current owner of the real property shall not be eligible to collect the damages described in division (C)(1) of this section via a class action for violations of division (B) of this section that occurred in calendar year 2020.* This division does not preclude or affect any other legal remedies or damages that may be available to the mortgagor or current owner.

(Emphasis added.)

{¶20} Voss's proposed class, and the one certified by the trial court, consists of mortgagors or current owners of property subject to a mortgage issued by Rocket Mortgage, "where the mortgage was satisfied in full, and the mortgagee did not record an entry of mortgage satisfaction with the applicable county recorder's office within 90 days of the date of mortgage satisfaction, from August 19, 2014[,] through August 19, 2020." Because the statutory amendment precludes statutory damages "via a class action for violations * * * that occurred in calendar year 2020," Rocket Mortgage argues that certifying Voss's proposed class was untenable.

6

{¶21} But while Rocket Mortgage insists that the trial court erred in certifying that class because of the statutory amendment's prospective and retrospective application, this argument misfires on the launchpad. The trial court certified the class on February 8, 2023, nearly two months before the amendment's April 7, 2023 effective date. On February 8, 2023, the statutory amendment was not the law. Indeed, the trial court explained that it was bound to apply R.C. 5301.36(C) as "currently written." Like the trial court, we cannot ignore the statute's effective date. In this regard, "[a] court is not bound to apply a statute until its effective date." *State v. Jude*, 11th Dist. Lake No. 2011-L-095, 2012-Ohio-1887, ¶ 19. And as an error-correcting court, we cannot say that the trial court erred when it applied the law as written at the time of its decision. *See Bank of Am., N.A. v. Thompson*, 2d Dist. Montgomery No. 25952, 2014-Ohio-2300, ¶ 33 (Froelich, P.J., concurring).

{¶22} In response, Rocket Mortgage maintains that "[i]t makes no difference that [R.C.] 5301.36(C) had not yet taken effect" because the statutory amendment would inevitably preclude class-wide recovery. But this argument overlooks the significance of the statute's effective date. The 90-day period preceding a statute's effective date is more than a mere formality.

{¶23} Under Article II, Section 1(c) of the Ohio Constitution, Ohio laws generally "do not take effect until 90 days have passed from the date they are filed by the governor with the secretary of state, to allow for a possible referendum." *State ex rel. Ohio Gen. Assembly v. Brunner*, 115 Ohio St.3d 103, 2007-Ohio-4460, 873 N.E.2d 1232, ¶ 9. Indeed, those 90 days are of "paramount importance" and provide "a means for direct political participation, allowing the people the final decision, amounting to a veto power, over enactments of representative bodies." *Id.* at ¶ 8. A premature

application of the statutory amendment would contravene Article II, Section 1(c) of the Ohio Constitution and the democratic principles it embodies.

{¶24} We overrule Rocket Mortgage's first assignment of error.

*Voss and the class have standing under R.C. 5301.36(C)*

{¶25} Next, Rocket Mortgage argues that Voss and the class lack standing without any proof of injury. In this regard, Voss explained at his deposition that the unrecorded satisfaction cast a temporary cloud over his property but had no practical effect on his ability to live in the house, rent the house, pay his mortgage, or use the house. Likewise, he conceded that he did not try to sell the house. Further, Rocket Mortgage maintains that the trial court erroneously found that R.C. 5301.36(C) confers standing.

{¶26} Standing is an issue of law that we review de novo. *See Moore v. City of Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶ 20. Standing requirements derive from Article IV, Section 4(B) of the Ohio Constitution, which provides that "courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters * * * as may be provided by law." A legal claim must be justiciable in order to invoke the jurisdiction of the common pleas court. Relevant to this case, a claim is justiciable if a party has standing, or the right to invoke the jurisdiction of the court. *Albanese v. Batman*, 148 Ohio St.3d 85, 2016-Ohio-5814, 68 N.E.3d 800, ¶ 24. In other words, standing is the " 'right to make a legal claim or seek judicial enforcement of a legal duty or right.' " *Cowan v. Ohio Dept. of Job & Family Servs.*, 2021-Ohio-1798, 173 N.E.3d 109, ¶ 5 (1st Dist.), quoting *Albanese* at ¶ 24. "[S]tanding turns on the nature and source of the claim asserted by the plaintiffs." *Moore* at ¶ 23. And we are mindful that the Ohio Supreme Court has cautioned judges

"to remember, standing is not a technical rule intended to keep aggrieved parties out of court." *Id.* at ¶ 47.

**{¶27}** Standing is a threshold question in any case—"[a] party must establish standing to sue before a court can consider the merits of the claim." *State ex rel. Ohio Stands Up!, Inc. v. DeWine*, 167 Ohio St.3d 248, 2021-Ohio-4382, 192 N.E.3d 371, ¶ 5. In Ohio, a party can establish standing in two ways. *See Cowan* at ¶ 5. The common-law test for standing requires a party to have " '(1) an injury (2) that is fairly traceable to the defendant's allegedly unlawful conduct and (3) is likely to be redressed by the requested relief.' " *Lipp v. Univ. of Cincinnati*, 1st Dist. Hamilton No. C-220312, 2023-Ohio-1224, ¶ 19, quoting *Ohioans for Concealed Carry, Inc. v. City of Columbus*, 164 Ohio St.3d 291, 2020-Ohio-6724, 172 N.E.3d 935, ¶ 12.

**{¶28}** But "[s]tanding may also be conferred by statute." *Concealed Carry* at ¶ 12, citing *Middletown v. Ferguson*, 25 Ohio St.3d 71, 75, 495 N.E.2d 380 (1986). This reflects the principle that common pleas courts have "jurisdiction over all justiciable matters * * * as may be provided by law." Article IV, Section 4(B), Ohio Constitution. "Common-law standing principles do not apply when standing is authorized by statute." *Cool v. Frenchko*, 2022-Ohio-3747, 200 N.E.3d 562, ¶ 29 (10th Dist.). Statutory standing requires an express " 'intention to abrogate the common-law requirements for standing.' " *Id.*, quoting *Smith v. Ohio State Univ.*, 10th Dist. Franklin No. 17AP-218, 2017-Ohio-8836, ¶ 13. "When a statute provides for judicial review, ' "the inquiry as to standing must begin with a determination of whether the statute in question authorizes review at the behest of the plaintiff." ' " *Middletown* at 75-76, quoting *Sierra Club v. Morton*, 405 U.S. 727, 732, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972).

**{¶29}** Here, R.C. 5301.36(C)(1) provides that, if a mortgage lender violates its statutory duty to record the satisfaction of a mortgage within 90 days, "the mortgagor of the unrecorded satisfaction and the current owner of the real property to which the mortgage pertains may recover, in a civil action, damages of two hundred fifty dollars." The statute unambiguously identifies a class of plaintiffs–the mortgagor and the current owner of the real property. Elsewhere, the statute explains that "A current owner may combine the civil actions described in divisions (C) and (E) of this section by bringing one action to collect for both damages, or may bring separate actions." R.C. 5301.36(G).

**{¶30}** And we cannot ignore that the Ohio Supreme Court has explained that the recovery of $250 in statutory damages "is not tied to any actual losses suffered by an aggrieved individual." *Radatz v. Fannie Mae*, 145 Ohio St.3d 475, 2016-Ohio-1137, 50 N.E.3d 527, ¶ 26. In this regard, "R.C. 5301.36(C) exacts an arbitrary sum of $250 for each offense, without any reference to the value of the mortgaged property or any losses sustained by the borrower, for the purpose of punishing the mortgagee for noncompliance." *Id.* at ¶ 28. To hold that the statute does not confer standing to mortgagors and property owners would defeat the purpose of the statute–"to promote efficiency and certainty in real-estate transactions and to penalize the untimely recording of satisfied mortgages rather than to compensate borrowers in full for actual losses." *Id.* at ¶ 25.

**{¶31}** Therefore, we hold that R.C. 5301.36 confers standing to mortgagors and owners of "real property to which the mortgage pertains" to file claims seeking statutory damages for violations of R.C. 5301.36(B). Voss and the class members are mortgagors or property owners of real property subject to a mortgage issued by Rocket Mortgage. His complaint alleged violations of R.C. 5301.36(B): that Rocket Mortgage

10

failed to record the satisfaction of the respective mortgages within 90 days as required by statute.

**{¶32}** We agree with the trial court that Voss and the class have standing conferred by the statute. As a result, it is unnecessary to address Rocket Mortgage's common-law standing argument. We overrule the second assignment of error.

*Certifying the class did not constitute an abuse of discretion*

**{¶33}** In its third assignment of error, Rocket Mortgage challenges the trial court's finding, under Civ.R. 23(B)(3), that questions of law or fact common to the members of the class predominate. In its view, its defense to the claims turn on "highly individualized facts" related to the COVID-19 pandemic and related shutdowns.

**{¶34}** The trial court's decision to certify a class is an exercise of a trial court's broad discretion, and we will not disturb a class certification "absent an abuse of discretion." *Vinci v. Am. Can Co.,* 9 Ohio St.3d 98, 99, 459 N.E.2d 507 (1984). We defer to the trial court on these matters because, as the Ohio Supreme Court has explained,

> A trial court which routinely handles case-management problems is in the best position to analyze the difficulties which can be anticipated in litigation of class actions. It is at the trial level that decisions as to class definition and the scope of questions to be treated as class issues should be made.

*Marks v. C.P. Chem. Co.,* 31 Ohio St.3d 200, 201, 509 N.E.2d 1249 (1987).

**{¶35}** This discretion " 'must be exercised within the framework of Civ.R. 23.' " *Smith v. Ohio State Univ.*, 2022-Ohio-4101, 200 N.E.3d 1249, ¶ 24 (10th Dist.), quoting *Egbert v. Shamrock Towing, Inc.*, 10th Dist. Franklin No. 20AP-266, 2022-Ohio-474, ¶ 15, citing *Hamilton v. Ohio Sav. Bank*, 82 Ohio St.3d 67, 70, 694 N.E.2d

11

442 (1998). And no court " 'has the authority, within its discretion, to commit an error of law.' " *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 34, quoting *State v. Boles*, 187 Ohio App.3d 345, 2010-Ohio-278, 932 N.E.2d 345, ¶ 17 (2d Dist.).

**{¶36}** Under Civ.R. 23, a trial court must find that seven prerequisites are satisfied before certifying a class:

> (1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impractical; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be satisfied.

*In re Consol. Mtge. Satisfaction Cases,* 97 Ohio St.3d 465, 2002-Ohio-6720, 780 N.E.2d 556, ¶ 6.

**{¶37}** Relevant here, Civ.R. 23(B)(3) requires that a court make two findings— "First, it must find that questions of law or fact common to the members of the class predominate over any questions affecting only individual members; and second, the court must find that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *Id.* at ¶ 7. Common questions alone are not enough: "common questions must represent a significant aspect of the case and they must be able to be resolved for all members of the class in a single adjudication." *Id.* at ¶ 8.

**{¶38}** While the trial court may not consider the merits of a claim at the certification stage, it "may examine the underlying claims, but only for the purpose of determining whether common questions exist and predominate and not for the purpose of determining the validity of such claims." *Nagel v. Huntington Natl. Bank*, 179 Ohio App.3d 126, 2008-Ohio-5741, 900 N.E.2d 1060, ¶ 12 (8th Dist.), citing *George v. Ohio Dept. of Human Servs*, 145 Ohio App.3d 681, 687, 763 N.E.2d 1261 (2001).

**{¶39}** Here, the trial court found that "one question of law clearly predominates – whether Defendants violated their duty – and a single adjudication as a class is the most efficient and fair manner to resolve this dispute." According to Rocket Mortgage, this constitutes an abuse of discretion because the material facts related to its pandemic defense "will vary substantially based on the circumstances." The trial court dismissed Rocket Mortgage's argument as having been rejected by the Ohio Supreme Court and found that Rocket Mortgage's pandemic-related defense supported class certification.

**{¶40}** In *In re Consol. Mtge. Satisfaction Cases,* the Ohio Supreme Court addressed the propriety of class-action lawsuits for violations of R.C. 5301.36 and concluded that these statutory claims "necessarily involve a common question of law: whether a particular lender violated its duty to record a satisfaction of mortgage." *Mtge. Satisfaction Cases,* 97 Ohio St.3d 465, 2002-Ohio-6720, 780 N.E.2d 556, at ¶ 10. As noted by the trial court, the Ohio Supreme Court recognized that, "the trial court of course will be presented with different evidence relating to each lender's failure to record a satisfaction of a residential mortgage." *Id*. at ¶ 10. But it explained that "mere existence of different facts associated with the various members of a proposed class is not by itself a bar to certification of that class." *Id*.

**{¶41}** To be sure, Rocket Mortgage presented evidence that the pandemic changed its procedures for recording the satisfaction and release of mortgages. As a result of the pandemic, its mortgage-release team shifted to remote work and authorized a limited number of team members to print and store mortgage-release documents. Each stage of the mortgage-release process became increasingly complicated and time consuming. But the trial court reasonably found that these facts, as they relate to Rocket Mortgage's defense of impossibility, present issues that are capable of resolution on a class-wide basis.

**{¶42}** Rocket Mortgage's expert explained that "[e]ach Ohio [c]ounty handled the situation differently," with some recorder's offices closed while others "were open to record instruments, but all documents had to be deposited with the County in a lock box, where the papers would remain for 24 hours, then disinfected, and then handled by whatever County employees were able to work." Other counties like Cuyahoga County switched to E-Recording. But "the trial court is in the best position to consider the feasibility of gathering and analyzing class-wide evidence." *Mtge. Satisfaction Cases* at ¶ 12. And while "individualized fact-finding may defeat class certification, this is true only when the cause of the problem is plaintiff's overly broad class definition." *Cantlin v. Smythe Cramer Co.,* 2018-Ohio-4607, 114 N.E.3d 1260, ¶ 19 (8th Dist.).

**{¶43}** In sum, the trial court's finding of predominance was not unreasonable, and we find no abuse of discretion in certifying the class.

*Voss satisfied his burden of production*

**{¶44}** Finally, Rocket Mortgage contends that Voss's "skeleton" motion for class certification failed to carry his burden under Civ.R. 23. Rocket Mortgage contends Voss "sandbagged" Rocket Mortgage by subsequently filing a reply with 400 pages of new evidence including three new affidavits.

**{¶45}** "The burden of establishing the right to a class action rests upon the plaintiff." *Shaver v. Std. Oil Co.,* 68 Ohio App.3d 783, 589 N.E.2d 1348 (6th Dist.1990). In support of his motion, Voss cited portions of an affidavit attached to his motion and the existing evidence in the record. At this point in the litigation, the record consisted of almost 2,000 pages of deposition testimony, responses to interrogatories, expert reports, affidavits, and mortgage documents. Relying on such evidence, Voss carried his burden.

**{¶46}** Furthermore, a review of the record reveals that Voss's allegedly new arguments were actually responses to Rocket Mortgage's arguments against class certification. And "[w]here the affidavit does not raise new grounds and is submitted to counter evidence in a memorandum in opposition, there 'is no general prohibition against affidavits being timely submitted with reply briefs, but instead, is a practice that has been utilized in other cases.' " *DeepRock Disposal Solutions*, *LLC v. Forté Prods., LLC*, 4th Dist. Washington No. 20CA15, 2021-Ohio-1436, ¶ 63, quoting *Cashlink, LLC v. Mosin, Inc.,* 10th Dist. Franklin No. 12AP-395, 2012-Ohio-5906, ¶ 11.

**{¶47}** We overrule the third assignment of error.

### III. Conclusion

**{¶48}** We overrule Rocket Mortgage's three assignments of error and affirm the trial court's class certification.

Judgment affirmed.

**ZAYAS, P.J.,** and **KINSLEY, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.