[Cite as *Ragouzis v. Madison House Condominium Owners Assn., Inc.*, 2025-Ohio-2797.]

IN THE COURT OF APPEALS

FIRST APPELLATE DISTRICT OF OHIO

HAMILTON COUNTY

EDGAR T. RAGOUZIS, et al.,         :

    Appellants,                  :             CASE NOS. C-240402
                                                      C-240407

  - vs -                           :

                                                         <u>JUDGMENT ENTRY</u>

THE MADISON HOUSE           :
CONDOMINIUM OWNERS
ASSOCIATION, INC., et al.,      :

    Appellees.                   :

This cause was heard upon the appeal, the record, and the briefs.

The judgment of the trial court is reversed for the reasons set forth in the Opinion filed this date.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs are taxed under App.R. 24.

The court further orders that 1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and 2) the mandate be sent to the trial court for execution under App.R. 27.

**To the Clerk:**
**Enter upon the journal of the court on August 8, 2025 per order of the court.**

**By: Robert A. Hendrickson, Presiding Judge**

**By: Mike Powell, Judge**

**By: Juergen A. Waldick, Judge**

[Cite as *Ragouzis v. Madison House Condominium Owners Assn., Inc.*, 2025-Ohio-2797.]

IN THE COURT OF APPEALS

FIRST APPELLATE DISTRICT OF OHIO

HAMILTON COUNTY

|  |  |  |  |
|---|---|---|---|
| EDGAR T. RAGOUZIS, et al., | : | | |
| Appellants, | : | CASE NOS. C-240402 | C-240407 |
| | : | | |
| - vs - | : | O P I N I O N | |
| | : | | |
| THE MADISON HOUSE | : | | |
| CONDOMINIUM OWNERS | | | |
| ASSOCIATION, INC., et al., | : | | |
| Appellees. | | | |

CIVIL APPEAL FROM HAMILTON COUNTY COURT OF COMMON PLEAS
Case No. A-2204283

Edgar T. Ragouzis, pro se.

Reminger Co., LPA, and Ian D. Mitchell and James M. Schirmer, for appellant, Bertha G. Helmick.

Cummins Law LLC, and James R. Cummins, and Rebecca S. Rhein, and Ethan K. Losier, for appellees, 153 Interested Party Defendant-Counterclaimants.

# O P I N I O N

**HENDRICKSON, P.J.**

{¶ 1} Appellants, Edgar Ragouzis and Bertha Helmick, appeal a decision of the

Hamilton County Court of Common Pleas granting class certification to a group of

condominium owners in a civil action.

## Facts and Procedural History

{¶ 2} The present appeal arises from a dispute among the owners of condominium units at The Madison House, a 175-unit high-rise building located in Hyde Park, Ohio. The complex litigation in the trial court involves a large number of parties and various claims. Our discussion below is limited to the procedural history and facts relevant to this appeal.

{¶ 3} On November 21, 2022, Ragouzis, Helmick, and five other condominium owners filed a 22-count complaint against a number of parties, including the condominium association, the condominium board, the management company, and vendors who performed work on the building.[1] According to the complaint, the defendants were not following procedure and law, and repairs were not being done properly. The complaint also alleged that there was a conspiracy and conflict of interest in transactions, and other related claims. Although no claims were brought against them, the complaint listed the remainder of the condominium owners as "interested defendants."

{¶ 4} Together, 137 of the interested defendants filed an answer which included a counterclaim with five causes of action. The counterclaim alleged that Ragouzis, Helmick, and the other plaintiffs engaged in a conspiracy of harassing conduct that interfered with the residents' quiet enjoyment of the property and diminished the value of the property. Additional interested defendants filed answers including the same counterclaims so that eventually 153 of the interested defendants had asserted the same counterclaims. For purposes of this opinion, because the appeal involves only the

---

1. We note that the number of plaintiffs has fluctuated throughout the course of this complex litigation, as another plaintiff was added, then plaintiffs began settling their claims.

- 3 -

counterclaims, the court will refer to the 153 interested defendants as "Counterclaim Plaintiffs" and the plaintiffs as "Counterclaim Defendants."

{¶ 5} Together, the Counterclaim Plaintiffs filed a motion to certify their counterclaims as a class action on January 24, 2023. The Counterclaim Defendants filed a response arguing against the certification of a class action and the Counterclaim Plaintiffs replied. No hearing was requested, nor held on the motion, and the trial court decided the motion based on the parties' filings alone.

{¶ 6} The trial court granted a motion to certify the counterclaim as a class action on three of the claims: 1) breach of contract for nuisance; 2) tortious interference with a business relationship; and 3) slander of title. The trial court found the other two claims, frivolous litigation and a request to determine Ragouzis is a vexatious litigator, were not subject to class certification as they were not independent causes of action. Instead, the court indicated these claims should be presented as post-judgment motions.

{¶ 7} The trial court certified the class as the following[2]:

> All condominium unit owners within the Madison House—except for the eight Counterclaim defendants—at the time that the Motion for Class Certification was filed, which was on January 24, 2023.
>
> This class may be modified by the Court as the case progresses and new information becomes available or legal considerations evolve. If the court finds modification necessary to ensure the fair and equitable resolution of this action, no individuals currently in the Class would be removed. However, additional members may be added who owned a condominium in the Madison House either before or after January 24, 2023 and have cognizable claims against Counterclaim Defendants which are typical of the Class.

---

2. Amended certification October 15, 2024.

**Assignments of Error**

{¶ 8} Counterclaim Defendants Ragouzis and Helmick now appeal the trial court's decision to certify the counterclaim as a class action.[3] Helmick raises the following two assignments of error:

> I. THE TRIAL COURT ERRED IN GRANTING THE RULE 23 MOTION FOR CLASS CERTIFICATION BASED ON THE EVIDENCE CONTAINED IN THE PLEADINGS AND APPENDED TO THE MOTION FOR CLASS CERTIFICATION.
> II. THE TRIAL COURT ERRED IN GRANTING THE RULE 23 MOTION FOR CLASS CERTIFICATION WITHOUT HOLDING AN EVIDENTIARY HEARING.

{¶ 9} Ragouzis raises the following three assignments of error on appeal:

> I. THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING COUNTERCLAIM PLAINTIFFS' MOTION FOR CLASS CERTIFICATION WHEN[ ] THE TRIAL JUDGE DID NOT RIGOROUSLY ANALYZE ANY OF THE FACTORS FOR CLASS CERTIFICATION.
> II. THE TRIAL COURT ABUSED ITS DISCRETION BY CERTIFYING THIS CASE AS A CLASS ACTION IN THE ABSENCE OF COUNTERCLAIM PLAINTIFFS MEETING THEIR EVIDENTIARY BURDEN TO SATISFY ALL REQUIREMENTS FOR CERTIFICATION AS A CLASS UNDER CIV.R. 23(A).
> III. THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING THAT THE CLASS MEETS THE REQUIREMENTS OF CIV.R. 23(B)(3).

{¶ 10} Because they are dispositive of the appeal, we begin our discussion with Helmick's first and Ragouzis' second assignments of error which challenge the trial court's determinations under Civ.R. 23(A).

**Class Action Legal Framework**

{¶ 11} The purpose of a class action is to facilitate the adjudication of disputes involving common issues between multiple parties in a single action. *Planned Parenthood Assn. of Cincinnati, Inc. v. Project Jericho*, 52 Ohio St. 3d 56, 62 (1990); *Marck v. Partin*, 12th Dist. Brown No. CA2023-11-013, 2024-Ohio-4829, ¶ 11. Utilizing the framework

---

3. The remaining Counterclaim Defendants did not appeal the trial court's certification order.

provided in Civ.R. 23, a trial court must find that seven prerequisites are satisfied before certifying a class:

(1)     an identifiable class must exist and the definition of the class must be unambiguous;

(2)     the named representatives must be members of the class;

(3)     the class must be so numerous that joinder of all members is impractical;

(4)     there must be questions of law or fact common to the class;

(5)     the claims or defenses of the representative parties must be typical of the claims or defenses of the class;

(6)     the representative parties must fairly and adequately protect the interests of the class; and

(7)     one of the three Civ.R. 23(B) requirements must be satisfied.

*Voss v. Quicken Loans, LLC,* 2024-Ohio-12, ¶ 34-36 (1st Dist.), citing *In re Consol. Mtge. Satisfaction Cases*, 2002-Ohio-6720, ¶ 6. If a party fails to establish even one of these requirements, class certification is not proper. *Shipp v. Norton Outdoor Advertising., Inc.*, 2022-Ohio-216, ¶ 9.

{¶ 12}  In this case, the trial court made the first six findings above, and with respect to the seventh prerequisite, found pursuant to Civ.R. 23(B)(3) that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods to the fair and efficient adjudication of the controversy.

**Burden of Proof and Standard of Review**

{¶ 13} Because a class action is "'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only,'" the party seeking to

maintain a class action bears the burden to affirmatively establish compliance with Civ.R. 23. *Cullen v. State Farm Mut. Auto Ins. Co.*, 2013-Ohio-373 ¶ 11, quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-701 (1979). The party seeking class action certification bears the burden of proving by a preponderance of the evidence that the proposed class meets each of the requirements in Civ.R. 23. *Jones v. Sharefax Credit Union, Inc.*, 2022-Ohio-176, ¶ 21 (1st. Dist.).

{¶ 14} A trial court has broad discretion in determining whether to certify a class action and the trial court's determination will not be disturbed on appeal absent an abuse of that discretion. *Hamilton v. Ohio Savings Bank*, 1998-Ohio-365, ¶ 11. An abuse of discretion occurs when the trial court's decision-making is unreasonable, arbitrary, or unconscionable. *Edje v. Holmes*, 2024-Ohio-1663, ¶ 16 (1st Dist.). The use of this standard is grounded in the trial court's special expertise and familiarity with case management and the inherent power to manage its own docket. *Hamilton* at ¶ 11. However, the trial court's discretion is not unlimited and it must be exercised within the framework of Civ.R. 23. *Voss*, 2024-Ohio-12, at ¶ 35; *Hamilton* at ¶ 12.

{¶ 15} In addition, "[a] trial court must conduct a rigorous analysis when determining whether to certify a class and may grant certification only after resolving all relevant factual disputes and finding that sufficient evidence proves that all of the requirements have been satisfied." *Safi v. Central Parking Sys. Ohio, Inc.*, 2015-Ohio-5274, ¶ 15 (1st Dist.), citing *Cullen* at paragraph one of the syllabus; *Sharefax at* ¶ 24-25. A trial court is not required to make formal findings to support its decision, although formal findings are preferable. *Hamilton* at ¶ 13; *Sharefax at* ¶ 26.

{¶ 16} A trial court's "articulation of the reasons for the decision tends to provide a firm basis upon which an appellate court can determine that the trial court exercised its

discretion within the framework of Civ.R. 23, and discourages reversal on the ground that the appellate judges might have decided differently had they been the original decisionmakers." *Hamilton* at ¶ 13. Conversely, "the failure to provide an articulated rationale greatly hampers an appellate inquiry into whether the relevant Civ.R. 23 factors were properly applied by the trial court . . . ." *Id*. This court has recognized that explicit findings are especially important where a trial court grants certification. *Sharefax* at ¶ 28.

**Numerosity Requirement**

{¶ 17} We begin our discussion with an analysis of the numerosity requirement. Under Civ.R. 23(A)(1), a class action may only be maintained if "the class is so numerous that joinder of all members is impracticable." "'The reason for [the impracticability] requirement is obvious. Only when joinder is impracticable is there a need for a class action device.'" *In re Am. Med. Sys.*, 75 F.3d 1069, 1079 (6th Cir.1996), quoting 1 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions*, § 3.01, at 3-4 (3d ed. 1992).

{¶ 18} When considering this requirement, there are not particular numerical limits. *Warner v. Waste Mgt*., 36 Ohio St.3d 91, 97(1988). Instead, this determination must be made on a case-by-case basis. *Id*. Ohio courts have provided approximate ranges to guide the analysis. *Shipp*, 2022-Ohio-216, at ¶ 11, citing *Warner* at 97. If a class has less than 25 members, it likely does not meet the numerosity requirement, while generally, if a class has more than 40 people in it, numerosity will be satisfied. *Warner* at 97; *Shipp* at 11. However, regardless of the number of members in the class, "'impracticability of joinder must be positively shown, and cannot be speculative.'" *Young v. Nationwide Mut. Ins. Co*., 693 F.3d 532, 541 (6th Cir. 2012), quoting *Golden v. City of Columbus*, 404 F.3d 950, 966 (6th Cir.2005); *Shipp* at ¶ 11, ¶ 15.

**Trial Court Arguments, Decision, and Arguments on Appeal**

{¶ 19} As mentioned above, no hearing was held on the motion for class certification. Accordingly, our review on appeal is limited to the evidence and arguments presented in the motion for class certification and the responses presented to the trial court.

{¶ 20} In the motion for class certification, the Counterclaim Plaintiffs argued that the numerosity requirement was met based on the fact that the number of unit owners was more than 200 people.

{¶ 21} The Counterclaim Defendants responded, arguing that the class was not so numerous that joinder was impractical. They argued that the law does not provide "a hard and fast rule" regarding the number of class members and that impracticality of joinder must be established. They further argued that the property owners have already been easily identified, and all but four have been served with the complaint filed by plaintiffs. They further argued that geographic proximity could not be closer and public records show ownership.

{¶ 22} In response to these arguments, Counterclaim Plaintiffs asserted that R.C. 5311.23(A) specifically "endorses" a class action format for owners of condominium units on behalf of all unit owners and argued this provision would be rendered meaningless if the close proximity of owners prohibits certification. They again focused on the number of owners in order to establish numerosity and claimed that at 147 members, Counterclaim Plaintiffs are "well over the threshold to certify a class action in Ohio."

{¶ 23} The trial court's entry granting class certification listed the Civ.R. 23 requirements, stating in turn that each was satisfied, but the trial court did not provide any reasoning or rationale for its decision. With regard to numerosity, the entry simply states

that "[t]he proposed Class satisfies the numerosity requirement[.]"

{¶ 24} The parties' arguments on appeal mirror those presented in the trial court. Counterclaim Defendants argue that the Counterclaim Plaintiffs have not met their burden to show that joinder is impractical based on the facts of this case. They contend that a court should look at factors such as identification of members, determining addresses, ease of service if joined and geographical dispersion. They further argue that appellants have not established that joinder is not impractical because the members are already identified and named as interested parties in the case and the same law firm represents over 150 of them.

{¶ 25} Counterclaim Plaintiffs argue that Ohio law clearly establishes that class size, not identifiability or geographic proximity, determines whether joinder is impracticable and the Ohio Supreme Court established a bright line rule regarding class size. They contend the volume of members makes individual adjudication impractical, if not impossible. They contend that Counterclaim Defendants' emphasis on identifiability and geographic proximity does not defeat class certification because it overlooks its primary objective and because R.C. 5311.23, the Ohio Condominium Act, provides a class action mechanism. They contend that while class size is not the sole determinant for impracticability, it is a heavily weighed factor.

**Analysis**

{¶ 26} As mentioned above, Counterclaim Plaintiffs' argument that the numerosity requirement was established is largely based on the general rule regarding the number of potential class members, along with authorization of class actions under R.C. 5311.23.

{¶ 27} We acknowledge that much of the Ohio caselaw on the numerosity requirement revolves around the number of potential class members. However, caselaw

also firmly establishes that the number of potential class members is a guide, not an absolute rule. *Shipp* 2022-Ohio-216, at ¶ 11; *Currey v. Shell Oil Co.*, 112 Ohio App.3d 312, 318 (4th Dist.1996); *See Warner*, 36 Ohio St.3d at 97.

{¶ 28} Moreover, regardless of the number of class members, the proponent of class certification must still show the class is so numerous that joinder is impracticable. *Ganci v. MBF Inspection Servs., Inc.*, 323 F.R.D. 249, 255 (S.D. Ohio 2017); *Black v. Dutiel*, 2010-Ohio-4626 (5th Dist.). While "large numbers may, in many cases, indicate the impracticability of joinder, numbers are not a perfect predictor." *Turnage v. Norfolk S. Corp.*, 307 Fed.Appx. 918, 921 (6th Cir. 2009). "'The reason for [the impracticability] requirement is obvious. Only when joinder is impracticable is there a need for a class action device.'" *In re Am. Med. Sys.*, 75 F.3d 1069, 1079 (6th Cir.1996), quoting 1 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions*, § 3.01, at 3-4 (3d ed. 1992).

{¶ 29} Very few Ohio cases address a challenge to the impracticability requirement of the numerosity prong of Civ.R. 23(A)(1). Instead, many of the cases discussing the numerosity prong largely focus on speculative number or nature of the class. *See e.g. Currey v. Shell Oil Co.*, 112 Ohio App.3d 312, 318 (4th Dist.1996) (the existence of "mere possible class members" insufficient); *Miranda v. Saratoga Diagnostics*, 2012-Ohio-2633 (8th Dist.) (number of potential class members not established).

{¶ 30} "Because the Ohio Rules of Civil Procedure are modeled after the Federal Rules of Civil Procedure, federal law interpreting the federal rule is appropriate and persuasive authority in interpreting a similar Ohio rule." *Felix v. Ganley Chevrolet, Inc.*, 2015-Ohio-3430, ¶ 24. Accordingly, our analysis of this issue includes consideration of federal cases addressing the impracticability prong of the numerosity requirement.

{¶ 31} "The key to determining whether the numerosity requirement . . . is satisfied

rests on the impracticability of joining potential class members." *Boggs v. Divested Atomic Corp.*, 141 F.R.D. 58, 63 (S.D. Ohio 1991). Impracticability is not determined based on a strict numerical test, but instead, depends on the circumstances surrounding the case. *Id*. The proponent is not required to show joinder is impossible, but only that "the plaintiff will suffer a strong litigational hardship if joinder is required." *Id*.

**{¶ 32}** In determining whether joinder would be impractical, courts typically consider whether joinder would be difficult or inconvenient and consider factors such as the geographic location of members and whether the potential class members are easily identifiable and easily served. *Turnage*, 307 Fed.Appx. at 921; *In re Modafinal Antitrust Litigation*, 837 F.3d. 238, 252-53 (3rd Cir. 2016); *McGee v. E. Ohio Gas Co.*, 200 F.R.D. 382 (S.D. Ohio 2001); *Davis v. City of Kettering*, 2d Dist. Montgomery No. 9704, 1987 Ohio App. LEXIS 6111, at *10 (Mar. 13, 1987).

**{¶ 33}** As mentioned, Counterclaim Plaintiffs argue that geographical location and identifiability of class members are not issues that impact impracticability of joinder in this case because R.C. 5311.23 authorizes class actions on behalf of condominium unit owners. Ohio's Condominium Act, R.C. 5311.23, provides a civil action may be brought against "any declarant, developer, agent, or unit owner or any person entitled to occupy a unit . . . for harm caused to any person or the unit owners association by that individual's failure to comply with any lawful provision of the condominium instruments." R.C. 5311.23(A). In connection with such an action, "one or more unit owners" "may bring a class action on behalf of all unit owners." R.C. 5311.23(C).

**{¶ 34}** However, the "may" language in this section is permissive, not mandatory. Moreover, the ability to bring a class action under this section is dependent on compliance with all the applicable class action requirements. *Akerstrom v. 635 Lakeside Ltd.*, 2018-

Ohio-98 (8th Dist.). In other words, R.C. 5311.23 "is only applicable if the requirements set out in Civ.R. 23(A) and (B) are met." *Knittle v. Big Turtle II Condominium Unit Owners Assn.,* 46 Ohio App 3d. 59, 61 (11th Dist. 1988). Therefore, while R.C. 5311.23 authorizes a class action on behalf of condominium unit owners, the proponent must still meet the statutory requirements for a class action. Accordingly, while geographical location and identifiability may not be critical considerations for impracticability when the class members are condominium owners, impracticability of joinder must still be established.

{¶ 35} Turning to the facts of the case before us, we find that although it is certainly possible that under different circumstances, a class of over 150 condominium owners may meet the numerosity requirement, the case before us presents a unique situation—the potential class action members are already joined in the litigation. As mentioned, the initial complaint named all of the remaining condominium owners as "interested defendants" in the action, and so they are already joined in the case. Counterclaim Defendants allege that at the time of filing their brief, all but four of the owners had been served with the initial complaint and were joined in the litigation. As mentioned, already joined as "interested defendants," the 153 Counterclaim Plaintiffs, represented by the same attorney and law firm, filed the counterclaims they now seek to certify as a class action.

{¶ 36} Finally, we note that Counterclaim Plaintiffs argue that the number of members in this proposed class "makes individual adjudications impractical if not impossible" and "prevents a factfinder from keeping track of all individual counterclaimants and class members in a trial and rendering a reasoned judgment." Counterclaim Plaintiffs did not argue or present evidence on this issue before the trial court, nor have they further explained this statement as it applies to the specific facts of

this case.

{¶ 37} The judicial economy and practicalities of multi-party litigation are appropriately considered under the superiority prong, while the numerosity requirement examines whether joinder of the parties is impractical. *See* Civ.R. 23(B)(3) (class action is superior to other available methods to the fair and efficient adjudication of the controversy) and Civ.R. 23(3) (class must be so numerous that joinder of all members is impractical).

{¶ 38} Counterclaim Plaintiffs have not alleged any specific impracticability of joinder exists as it relates to their counterclaims. Nor does the trial court's decision reflect any factual findings or analysis regarding the manner in which joinder is impracticable. Although the number of potential class members is large, nothing in the arguments presented below establishes that joinder would be impracticable. See *Mundell v. Landstyles*, 2001 Ohio App. Lexis 3691 (8th Dist. Sept. 6, 2001) (joinder not impracticable, in part because cases consolidated prior to filing motion for class certification). Counterclaim Plaintiffs have not argued any specific facts, either before the trial court or on appeal, to establish the impracticability of joinder.

{¶ 39} We therefore find that Counterclaim Plaintiffs have not positively shown that joinder is impracticable. *See Shipp* 2022-Ohio-216, at ¶ 15. Although a preponderance of the evidence standard applies, some evidence must exist on each element to satisfy the burden of persuasion. *Cullen*, 2013-Ohio-473, at ¶ 20. Accordingly, we sustain Helmick's first assignment of error and Ragouzis' second assignment of error.

{¶ 40} Because the proponent of class certification must establish all of the requirements of Civ.R. 23, and Counterclaim Plaintiffs have not met their burden to establish the numerosity requirement by a preponderance of the evidence, class

certification was not properly granted. The trial court's decision granting class action certification is hereby reversed. The remainder of the Counterclaim Defendants' assignments of error are rendered moot.

M. POWELL and WALDICK, JJ., concur.

_____

Judges Robert A. Hendrickson and Mike Powell of the Twelfth Appellate District, and Judge Juergen A. Waldick of the Third Appellate District, sitting by assignment in the First Appellate District pursuant to Ohio Const., art. IV, § 5(A)(3).